Victoria **KOHLER**, Plaintiff-Appellant,

v.

**Ronald W. McNEARY, a minor, by Guardian Ad Litem, Calvin E. McNeary, Defendant-Respondent.**

No. 56994.

Supreme Court of Missouri,
Division No. 1.

July 16, 1973.

Motion for Rehearing or to Transfer to
Court en Banc Denied Sept. 10, 1973.

Paul Crider, Jr., Robert L. Shirkey, Kansas City, for plaintiff-appellant.

Max Von Erdmannsdorff, Von Erdmannsdorff & Kuhlman, North Kansas City, for defendant-respondent.

WELBORN, Commissioner.

Victoria Kohler sought $50,000 damages for the death of her daughter, Panthiea Gaye Phillips. A jury returned a verdict in favor of plaintiff for $7,500 damages. After her motion for new trial on the issue of damages had been overruled, plaintiff

appealed. (Notice of appeal filed prior to January 1, 1972.)

Panthiea Gaye Phillips, then 15 years old, died June 28, 1970, from injuries received on June 22, 1970, when she was thrown from an automobile driven by defendant Ronald W. McNeary. The auto struck a tree when the driver lost control as he attempted to go around a curve at a high speed. According to the defendant, Panthiea said to him, as they approached the curve, that "a friend of hers had went around the corner at seventy or seventy-five. She asked me how fast I could go around it. I answered I didn't know, I'd never tried. * * * I asked her if she'd like to find out and she said it didn't matter." With that, the defendant accelerated his vehicle and, according to him, lost control while traveling at 40 to 45 miles per hour in a 25 miles per hour posted speed limit zone.

Plaintiff's evidence was that Panthiea's net financial contribution to plaintiff's household was $3,200 per year. The medical and funeral expenses for Panthiea were $4,437.97.

The case was submitted to the jury on a charge of negligence based on excessive speed and driving on the wrong side of the road. MAI No. 5.03 on the measure of damages was given. On behalf of the defendant, the court instructed on contributory negligence based upon the decedent's knowledge of danger and failure to warn and "plaintiff's decedent encouraged defendant to drive at an excessive speed; * * *."

■ Plaintiff's motion for new trial and her appeal are premised on the theory that the grossly inadequate verdict was the result of the defendant's erroneous contributory negligence instruction. The difficulty with this approach is that the challenged instruction dealt solely with the issue of liability which was resolved by the jury in favor of appellant. Having received a favorable verdict on that issue, errors which relate to the trial and submission of the liability issue become, insofar as plaintiff is concerned, harmless error. Cochran v. Wilson, 287 Mo. 210, 229 S.W. 1050, 1056 [5] (1921); Russell v. Kotsch, 336 S.W.2d 405, 409 [5] (Mo.1960); Chapman v. King, 396 S.W.2d 29, 38–39 [18] (Mo.App.1965); Mulliken v. Presley, 442 S.W.2d 153, 157 [5] (Mo.App.1969).

It is not beyond the realm of possibility that a plaintiff in the situation of the plaintiff here might be able clearly to demonstrate a relationship between a claimed inadequate verdict and an error in trial or submission of the liability issue. See Brewer v. Gowin, 241 S.W.2d 275, 280–281 [3–6] (Mo.App.1951), where a judgment in favor of the defendant was reversed for error in his instruction, purportedly limiting damages, but also involving the merits of the cause. However, appellant makes no such demonstration here, other than the conclusory argument that the improper interweaving of the issue of contributory negligence "pervaded and actuated the jury in determining the amount to be awarded * * *."

■ Insofar as review in this court is concerned, the jury must be presumed to have followed the court's instructions. Bowers v. Etherton, 216 S.W.2d 83, 86 [2, 3] (Mo.1949). There is no reason to assume that the jury disregarded the instruction on contributory negligence in favor of their own idea of something in the nature of comparative negligence. Whether or not the contributory negligence instruction was erroneous, the jury did not accept the proposition which the instruction submitted and resolved the liability issue in favor of plaintiff.

■ Plaintiff did receive a substantial verdict. She has demonstrated no error whatsoever in the trial on the issue of damages; the issue was submitted to the jury by means of MAI No. 5.03, upon which no attack is made; there is no complaint of error in the argument on the

damages issue (see Thomas v. Jones, 409 S.W.2d 131 (Mo.1966)). No grounds for reversal of the judgment have been shown.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.