**Leona TRACY, Appellant,**

v.

**VAPOTANE CORPORATION, INC.,
Respondent.**

**No. KCD 26802.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Gilbert R. Titus and Gary R. Titus, Independence, for appellant.

Robert M. Kroenert, Kansas City, for respondent; Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, of counsel.

Before PRITCHARD, P. J., and WASSERSTROM and SOMERVILLE, JJ.

PRITCHARD, Presiding Judge.

This case concerns an action for damages for personal injuries sustained in an automobile accident. For her cause of action, appellant claimed that she was a passenger in a vehicle driven by her husband, a servant and employee of respondent acting within the scope and course of his employment, when said husband negligently caused or permitted the vehicle to be driven off the roadway and into a ditch. Appellant claimed she sustained personal injuries as a direct and proximate result of the driver's negligence. She brought this action against the driver's employer, Vapotane Corporation, on a theory of respondeat superior.

Trial was to a jury which returned a verdict in favor of appellant and awarded her $3,000.00. She filed a motion for a new trial. The motion was overruled and she appeals claiming error in the verdict directing instruction and its converse.

The assailed instructions dealt solely with the issue of liability which the jury resolved in favor of appellant. Consequently, any alleged error in the submission of

the liability issue becomes harmless error insofar as appellant is concerned. Kohler v. McNeary, 498 S.W.2d 796 (Mo. 1973); Chapman v. King, 396 S.W.2d 29 (Mo. App.1965).

Appellant has not demonstrated that the verdict was inadequate let alone clearly demonstrated that the verdict was inadequate because of the claimed error in the instruction. She merely makes the conclusory argument that the assailed instructions "obviously resulted in a compromise verdict of a lesser amount than the facts of the case would normally warrant."

Appellant received a judgment for $3,000.00 and has shown no error in the trial as respects the damages issue. No grounds for reversal of the judgment have been shown.

The judgment is affirmed.

All concur.