**Timothy J. FORBES, a minor by his Father and Next Friend, Edward J. Forbes, Appellant,**

v.

**Mrs. Marie GATES, Respondent.**

**No. KCD 27162.**

Missouri Court of Appeals, Kansas City District.

Nov. 3, 1975.

Motion for Rehearing and/or Transfer Denied Nov. 19, 1975.

John G. Crighton, Kansas City, for appellant.

F. Russell Millin, Millin, Crabtree & Houdek, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

SHANGLER, Judge.

This action for damages claims injury to a minor from a rear end collision. The defendant conceded liability but not damage. The jury returned a verdict for the defendant and the plaintiff appeals from the adverse judgment entered.

After plaintiff filed his brief on appeal, the defendant moved dismissal for deficiencies in the jurisdictional statement [Rule 81.08(b)], statement of facts [Rule 84.04(c)], a statement of points and authorities [Rule 84.04(d)] and the presentation of the argument [Rule 84.04(e)]. The appellant was ordered to file an amended brief conformable to the requirements of appellate procedure or suffer dismissal. In due course, the appellant filed his amended brief, which respondent once again contends lacks compliance and once again seeks our order of dismissal. We took the renewed motion with the case and now, after argument and submission, we sustain the respondent and dismiss the appeal.

To be sure, the appellant now gives an acceptable jurisdictional statement, and is no longer in violation of Rule 81.08(b), but in every other respect the amended brief is but a rescript of the original which we found insufficient for purposes of decision.

It would not be instructive to catalog the numerous lapses in briefing which prompt our dismissal. It is sufficient, as a reference, to say that the single issue before the jury was whether the plaintiff was injured as the result of the admitted negligence of the defendant. The fair and concise statement of facts prescribed by Rule 84.04(c) is subverted into a distorted and partisan view of the evidence. Thus, the testimony of Dr. Workman who treated the plaintiff is represented as having found a subluxation of the cervical spine from the accident, whereas he actually described the condition as "a questionable abnormality", possibly predating the accident, and which was no longer evident by the time of the second examination, seventeen days later. Also, the automobile which the plaintiff occupied is described as having been rendered a "total loss" by the collision—an hyperbole nowhere supported by the evidence which shows, only, damage to the rear trunk of the vehicle. The statement of facts, furthermore, is replete with references to the deposition testimony of the defendant which was neither received as admissions nor otherwise made part of the trial record.

The points relied on fail to comply with the rudimentary requirements of Rule 84.-04(d) for a brief and concise statement of what actions and rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous.

We cannot make out the legal issues presented by the amended brief, and we do

not choose to accept the challenge of surmise.

Accordingly, the appeal is dismissed.

All concur.