**ASSOCIATED UNDERWRITERS, INC., Appellant,**

v.

**MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Respondent.**

**No. 38693.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Dec. 5, 1978.

Daniel P. Reardon, Jr., and Daniel P. Reardon, St. Louis, for appellant.

David Wells, Thompson & Mitchell, St. Louis, for respondent.

ALDEN A. STOCKARD, Special Judge.

Associated Underwriters, Inc. (hereafter "Associated") has appealed from a judgment entered pursuit to a jury verdict for defendant in its action for damages against Mercantile Trust Company National Association (hereafter "Mercantile") for improperly handling certain checks. We affirm.

The only point in appellant's brief pertains to the correctness of Instruction No. 4, but it will be helpful to set forth the circumstances which brought about this litigation.

In 1966 John J. Roche, a licensed insurance broker, took over an insurance business previously operated by R. J. O'Brien, his uncle, and he maintained an account at Mercantile in the name of R. J. O'Brien & Co. In October 1970 Roche became affiliated with Associated which was a federation of individual insurance brokers. Each broker operated as an independent contractor and received no salary from Associated. There was no written agreement between Associated and the individual brokers but apparently by an oral arrangement Associated was to receive 40% and the broker 60% of each commission received, and in return Associated performed work in connection with the servicing of the insurance policies.

Each broker sent or arranged for the sending of statements to his customers, but the statements were sent on forms containing the name of Associated. Each Statement sent by Roche contained a notation that checks should be made payable to Roche as agent of Associated. Pursuant thereto the checks which are the subject of this litigation were made payable to "John J. Roche Agent Associated Underwriters," or "Associated Underwriters John J. Roche Agent," with minor variations of no significance.

The practice at Associated was that when checks in payment of premiums were re-ceived they were forwarded directly to the individual broker. When Roche received the checks he endorsed them as agent for Associated and deposited them in the account carried in the name of R. J. O'Brien & Co. Each month while he was affiliated with Associated he drew a check on that account and sent it to Associated. The total amount was $58,492.97 but the record does not show what these transmittals were for.

In this suit Associated contends that without its endorsement Mercantile wrongfully credited the checks to an account other than an Associated account.

Associated's case was submitted to the jury by Instruction No. 3 which was as follows:

"Your verdict must be for plaintiff if you believe

First, Plaintiff was a payee on the checks in evidence, and

Second, defendant permitted said checks to be deposited in an account other than plaintiff's account, and

Third, defendant's actions in permitting the deposit of said checks in an account other than plaintiff's account were not in good faith and in accordance with the reasonable commercial standards applicable to the banking business, and

Fourth, said checks in evidence did not contain the authorized endorsement of plaintiff, and

Fifth, plaintiff was thereby damaged."

At Mercantile's request the court gave Instruction No. 4, which was as follows:

"Your verdict must be for defendant if you believe that the checks were made payable to John J. Roche as agent of Associated Underwriters, Inc."

■ Instruction No. 4, was a modified form of MAI 33.05, and constituted the "third method" of conversing the plaintiff's verdict instruction. See *Oliver v. Bi-State Development Agency*, 494 S.W.2d 49 (Mo. 1973), and the comment following MAI 33.-01. It requires independent evidence in support of the ultimate fact which if found by the jury would defeat plaintiff's submis-

sion. *Koirtyohann v. Washington Plumbing & Heating Co.*, 471 S.W.2d 217 (Mo. 1971).

■ At the time Instruction No. 4 was given the only objection was that "I don't feel it correctly states the law" and "the wording is confusing and not in accordance with the statutes." This obviously did not constitute "specific objections," and therefore in order to preserve for review any error pertaining to this instruction it was necessary that there be set forth in the motion for new trial "specific objections." Rule 78.07. However, the only assignment of error in the motion for new trial pertaining to Instruction No. 4 is that "there was no evidence to support the instruction," and that "said instruction was an error of law in this case."

■ Assuming that the negative assertion of no supporting evidence is sufficiently specific to meet the requirements of Rule 78.07, there unquestionably was evidence from which it could be found that the checks were made payable to Roche as agent of Associated, and in any event the contention is now abandoned because it is not presented in a point in Associated's brief. The assignment that the instruction "was an error of law" falls far short of constituting a specific objection within the meaning of the Rule.

By its single point in its brief on this appeal Associated asserts Instruction No. 4 is erroneous because:

(1) It "erroneously relies upon a single section of the Uniform Commercial Code; Section 400.3–117 to the exclusion of other pertinent sections of the Uniform Commercial Code."

(2) It "erroneously relieves the defendant bank of liability placed upon it by the Uniform Code in accepting instruments for deposit."

(3) It "improperly failed to recognize the provisions contained in Section 400.3–302, 400.3–304, 400.3–306 of the Uniform Commercial Code thus ignoring essential portions of the 'holder in due course doctrine' enunciated by the Code."

■ Perhaps it could be said that these three contentions were intended to be examples of the "error of law" referred to in the motion for new trial, but if so they were never specifically called to the attention of the trial court. See Rule 78.07. As stated in *Pasley v. Newton*, 455 S.W.2d 43, 47 (Mo.App.1970), the allegations of error made to the trial court must be "sufficiently definite to direct the court's attention to the particular acts or rulings asserted to be erroneous." The purpose of these rules is to afford the trial court an opportunity to correct its errors without the delay, expense and hardships of an appeal. *Skelton v. General Candy Co.*, 539 S.W.2d 605 (Mo. App.1976); *Safe-Buy Real Estate Agency, Inc. v. Hemphill*, 498 S.W.2d 599 (Mo.App. 1976). A party should not be entitled on appeal to claim error on the part of the trial court when that court was never called upon to rule the contention. Also, if the alleged error was not of sufficient magnitude to call for corrective action in the trial court it should be considered to be waived on appeal, and if it is of sufficient magnitude, but no corrective action was requested, the party should not be entitled to gamble on the jury result, and then if an adverse result is had obtain a second chance before a different jury. Also, to be considered is the interest of the opposing party to have an early end to the litigation.

■ In addition to the fact that none of these three contentions was presented to the trial court, each fails to comply to Rule 84.04(d) in that it does not specify wherein and why it is claimed that error occurred. For example, as to the first contention, the sub-point does not set forth or define the "other pertinent sections," and it does not set forth wherein and why those "other" sections would result in the instruction being erroneous. As to the second contention, the sub-point does not set forth wherein or why the instruction relieved Mercantile of liability. As to the third contention, the sub-point does not set forth why, if the instruction ignored "essential portions" of the holder in due course doctrine, the instruction was rendered erroneous. See

*Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978), for a thorough discussion of the applicable rules and impelling reasons for their existence and enforcement.

Notwithstanding that when we turn to the argument portion of the appellant's brief in an attempt to determine precisely the contentions we incur the danger of becoming an advocate, we shall do so in a most liberal exercise of our discretion, but limited to the determination of whether there have occurred plain errors affecting substantial rights resulting in manifest injustice or miscarriage of justice within the meaning of Rule 78.08 so as to call for the exercise of the authority set forth in Rule 84.08.

When we look to the argument in Associated's brief we find first the contentions that Roche "misappropriated substantial sums of money" and that he "cunningly altered the billings with the instruction to make the check[s] payable to John J. Roche, Agent." However, we are not concerned in this appeal with whether Associated has any claim against Roche, but only whether Associated has a claim against Mercantile.

Associated states in its argument that Instruction No. 4 was "based upon § 400.3–117" of the Commercial Code, which is as follows:

> An instrument made payable to a named person with the addition of words describing him

(a) as agent or officer of a specified person is payable to his principal but the agent or officer may act as if he were the holder; * * *.

It then argues that the instruction ignores other provisions of that Code pertaining to holders in due course.

 In the Uniform Commercial Code in § 400.3–301, entitled "Rights of a holder," it is provided that "The holder of an instrument whether or not he is the owner may transfer or negotiate it and * * * discharge it or enforce payment in his own name." Roche was a holder of the checks, and he was authorized to negotiate, that is, cash, them, and that is what he did when he endorsed them and had the proceeds placed in the R. J. O'Brien & Co. account. We find no plain error resulting in manifest injustice or a miscarriage of justice in the absence of any objection to Instruction No. 4 on the basis that it ignored provisions of the Uniform Commercial Code pertaining to holders in due course.

The judgment is affirmed.

DOWD, P. J., and SNYDER, J., concur.