**120**

Eugene R. COREY, Plaintiff-Respondent,

v.

David Kevin FOLEY, Administrator of the Estate of David C. Foley, Jr., Defendant-Appellant.

No. 39347.

Missouri Court of Appeals, Eastern District, Division Three.

June 12, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 13, 1979.

Application to Transfer Denied Sept. 11, 1979.

Barnard & Baer, Richard O. Funsch, St. Louis, for defendant-appellant.

Leo M. Newman, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Civil case. Plaintiff obtained judgment against defendant's estate in the sum of $35,000.00.

David C. Foley, Jr., deceased, herein referred to as "Foley" owned and maintained a duplex with a two car garage underneath the living quarters of his tenants. During the night of October 24, 1973, or early the next morning, Foley went into the closed garage and started his car. Foley was found dead with his engine running. Carbon monoxide gas permeated the living quarters of plaintiff to such an extent that plaintiff, who was asleep therein, awakened with a headache, passed out and did not regain consciousness for about four days.

Defendant insists the court erred in not directing a verdict in his favor because plaintiff did not prove Foley knew or should have known of the danger to plaintiff of carbon monoxide poisoning because plaintiff was a trespasser and had not proven Foley knew of his presence. We disagree.

Plaintiff's lease of the duplex was to commence in November, 1973. However, when plaintiff arranged to lease the duplex on September 26, 1973, plaintiff informed Foley he would attempt to move into the duplex as soon as the prior tenants, who were friends of plaintiffs, moved out of the duplex. Foley agreed to the proposal should plaintiff be able to arrange the matter with the prior tenants. Thus, Foley did

or should have known someone would continuously occupy the quarters above the garage. Additionally, when plaintiff moved in on October 23, 1973, the moving van blocked the driveway from about nine in the morning until the middle of the same afternoon. There were a lot of boxes and furniture to move into plaintiff's quarters. A son who lived with Foley had seen plaintiff moving objects on October 23, 1973 and had assumed the plaintiff and his wife had moved and were staying in the duplex by October 24th. Further, plaintiff and Foley had, upon the arrangement of the lease, agreed the plaintiff's automobiles would be parked at the end of the driveway rather than in the basement garage and at least one of the vehicles was so parked on October 24, 1973 when Foley returned home. Foley would have passed cars parked at the end of the driveway in order to park his car in the garage when he arrived home on October 24th.

We believe this evidence was sufficient for the jury to find that Foley either knew or should have known of the presence of someone in the upstairs quarters at the time he caused the emission of carbon monoxide. *See, Bollman v. Kark Rendering Plant*, 418 S.W.2d 39 (Mo.1967).

Plaintiff contends that appellant's brief should be dismissed for failure to comply with Rule 84.04(d) setting forth the requirements for appellant's points relied on. We agree that appellant's Points Relied On II and III are deficient.

Appellant's Points Relied On II and III, both pertaining to Instruction Number 3, are as follows:

## II

THE TRIAL COURT ERRED IN GIVING PLAINTIFF'S REQUESTED INSTRUCTION NO. 3 BECAUSE M.A.I. 22.02 WAS NOT THE APPROPRIATE INSTRUCTION FOR SUBMITTING PLAINTIFF'S THEORY OF RECOVERY AGAINST DEFENDANT.

## III

THE TRIAL COURT ERRED IN GIVING PLAINTIFF'S REQUESTED INSTRUCTION NO. 3 BECAUSE SAID INSTRUCTION MADE IMPERMISSIBLE MODIFICATIONS AND THAT SAID INSTRUCTION WAS NOT PROPERLY LIMITED TO THE ULTIMATE FACTS OF THE CONDITION OF THE PREMISES AND AS A RESULT CONSTITUTED A ROVING COMMISSION.

Neither of such points relied on tells us wherein and why Instruction Number 3 was erroneous, and neither the argument portion of the brief nor appellant's reply brief remedy the deficiency. Point Relied On II does not specify wherein and why MAI 22.02 was not an appropriate instruction for submitting plaintiff's theory of recovery. Similarly, Point Relied On III does not specify wherein, if Instruction Number 3 constituted an impermissible modification of the appropriate MAI instruction, Instruction Number 3 was not limited to the ultimate facts or why Instruction Number 3 constituted a roving commission to the jury. Points relied on asserting jury instructions are erroneous must state, with greater clarity than those in the instant case, wherein and why the instruction given was erroneous. *Associated Underwriters, Inc. v. Mercantile Trust Co. Nat'l Ass'n*, 576 S.W.2d 343, 346 (Mo.App.1978). Compliance with Rule 84.04(d) is mandatory. *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978).

We find nothing intrinsically wrong with Instruction Number 3. No one has shown any error. Accordingly, we find against the appellant on these two points relied on.

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.