Goldie Mae (Thomas) SLOAN, Appellant,

v.

NORTH KANSAS CITY SECURITY
PATROL SERVICES et al.,
Respondents.

No. KCD 30309.

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

Roy W. Brown, James W. Jeans, James R. Brown, Kansas City, for appellant.

John C. Risjord, John L. Hayob, Niewald, Risjord & Waldeck, A Professional Corporation, Kansas City, for respondents.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

SHANGLER, Presiding Judge.

The plaintiff mother appeals from a judgment for damages for the death of her minor son intentionally inflicted by a security guard in the employ of the defendant North Kansas City Security Patrol Services. The jury returned an award of damages for the plaintiff mother. She appeals.

The son, with three other children, was detected one night by a security guard on the premises of the Missouri Solvents and Chemicals Company in the act of siphon-removal of Tuolene from a storage tank. That dangerous liquid, admittedly, had been purloined by some of them on other occasions, and was taken then for the purposes of inhalation. When taken in that manner, it induces a state of intoxication. The son was shot and killed when he failed to heed the warning of the guard to surrender.

The mother submitted her recovery to the jury on a theory of an intentionally-inflicted death. The mother appeals, not on the ground of inadequate verdict, but for trial

errors: (1) that the court improperly overruled her motion for directed verdict on liability at the close of all the evidence, (2) that the court erred by submission of a damages converse for the defendant, and (3) that the court erred by submission of an instruction on mitigation of damages.

 The first error, according to contention, was the failure of the trial court to direct a verdict on liability, as requested, before submission. The pleadings admitted that the defendant intentionally shot and killed the son, therefore, the proof of liability was conclusively made. [MAI 23.02]. The error resulted, according to the plaintiff, because the instruction on that admitted issue was an invitation to compromise the amount of the verdict—as became evident by the nine to three quotient for the plaintiff. The contention of error relates to liability only and was rendered harmless by the jury verdict for the plaintiff as appellant. *Tracy v. Vapotane Corporation, Inc.,* 510 S.W.2d 824 (Mo.App.1974).

The next contention, that the court erred in submission of a converse instruction on the model of MAI 33.04(2) which directed a verdict for defendant unless the jury believed the plaintiff sustained damage. The plaintiff contends that a mother is presumptively damaged, at least nominally, by the death of a minor child, so the converse was a misdirection. Whatever the merit of contention, the jury award was more than a nominal award, particularly in the perspective of the disputed proof beyond the $1475 cost of ambulance and burial. The jury found plaintiff suffered damage at the hand of the defendant and returned an award accordingly. Any error in the submission of the converse instruction was also harmless to the plaintiff. *Kohler v. McNeary,* 498 S.W.2d 796, 797[2] (Mo. 1973).

The final contention is that the instruction on mitigation of damages because submitted separately for defendant somehow cast the greater prominence on that issue than on the aggravation of damages direction included in the damage submission

for the plaintiff. The mitigation of damages submission was in the precise form of MAI 6.01. The plaintiff does not contend there was no evidence for the submission or that the model instruction is an error as a legal statement. The trial court gave both the aggravation and mitigation of damages submissions in the prescribed forms of MAI 5.03 and MAI 6.01. Those uses were applicable, and therefore mandatory. *Bueche v. Kansas City,* 492 S.W.2d 835, 840[4] (Mo. banc 1973).

The judgment is affirmed.

All concur.