ARKANSAS–MISSOURI POWER
COMPANY, A Corporation,
Plaintiff-Appellant,

v.

Harry A. HAINES et al., on Exceptions of
Edith T. Delisle and Herman Brands,
Defendants-Respondents.

No. 11379.

Missouri Court of Appeals,
Southern District,
En Banc.

Jan. 9, 1980.

Hal E. Hunter, Jr., Hunter & Hunter, New Madrid, for plaintiff-appellant.

Wendell W. Crow, James F. Ford, Ford, Ford, Crow & Reynolds, Kennett, for defendants-respondents.

PREWITT, Judge.

Plaintiff filed a condemnation petition requesting a power line easement across property owned by Edith T. Delisle and farmed by Herman Brands in New Madrid County, Missouri. The power lines and supporting structures had been constructed at the time of trial. The structure consisted of five double pole settings, 65 feet tall. The poles were fifteen and one-half feet apart. The easement was 70 feet wide and contained 5.132 acres. The entire tract is approximately 140 acres. Plaintiff's witnesses on damages ranged from $5,232 to $10,000. Defendants' witnesses varied from $60,000 to $84,000. The jury verdict awarded defendants $27,500. Plaintiff appeals from a judgment entered in accordance with the verdict.

Plaintiff has three allegations of error: 1. the court erred in permitting witness Stowell Hobbs to testify on values when his testimony was based upon erroneous and improper information; 2. the court erred in not dismissing the jury or in not instructing the jury to disregard a statement of witness Barry Richardson after leaving the witness stand; and 3. the court erred in not ordering a new trial as the verdict of the jury was excessive and the result of passion, prejudice and improper evidence.

We consider first, plaintiff's point I. Stowell Hobbs, a farmer and real estate broker testified for defendants. The following occurred during his cross-examination:

Q. Do you understand what an easement is?

A. Yes, sir.

Q. What is an easement?

A. Well, they have the right to go in there but you pay the taxes on it.

Q. Do you understand that on an easement, the owner continues to use the property?

A. Yes, sir.

Q. Has complete control over the surface of the property?

Mr. Ford: No, sir, Your Honor. Now, we object to that, that is not—he is trying to state as a matter of fact, which is not true. They do not have complete control.

Mr. Hunter: If I misstated, Your Honor, I am sorry. The owner has the right to farm it. Can I put it that way?

The Court: Yes, sir.

Q. Did you understand that?

A. Yes.

Q. But you wouldn't pay the taxes to farm it then?

A. But you could still go in there and put you some poles in there too, on your easement.

Mr. Hunter: Your Honor, I am going to ask the Court to instruct the witness and the jury. We have continually run into this and it has to be a result of the attorney for the exceptor to bring up that kind of nonsense.

Mr. Reeves: Ask the Court to strike all of his testimony.

The Court: Let me tell them. Ladies and Gentlemen of the Jury, that Ark-Mo Power, or any other company, condemns this land, they attach to the petition, Plans and Specifications, showing what they can do; and that they can do, and nothing else they can do. If they go back in, they must pay for any damages. If they erect any more structures, then they recondemn and pay more money.

Mr. Hunter: Now Your Honor, we ask that this witness's whole testimony be struck and the jury instructed to disregard it for the reason that he has based his testimony on erroneous information.

The Court: According to the easement, his testimony will be stricken.

■ No other or further relief was requested. Plaintiff claims error in the trial court allowing Stowell Hobbs to testify as to his opinion on values. Previous to the quoted portion of his testimony, he gave his opinion on the reduction in value of the farm due to the easement and no objections were made. The trial judge struck his testimony when asked to do so. The only thing the trial judge did not do as requested was instruct the jury to disregard the testimony. At the commencement of the trial the judge instructed the jury that "any matter I order to be stricken is excluded and must not be considered by you in your deliberations". M.A.I. 2.01. In our review we presume the jury followed the court's instructions. *Kohler v. McNeary*, 498 S.W.2d 796, 797 (Mo.1973). When testimony is stricken, we assume the jury followed the court's direction and considered only legal evidence. *Pender v. Foeste*, 329 S.W.2d 656, 662 (Mo.1959); *Green v. Crunden Martin Manufacturing Co.*, 575 S.W.2d 930, 933 (Mo.App.1978). No reason has been shown why we should assume otherwise. The trial judge accepted plaintiff's position regarding Mr. Hobbs' testimony. The oral directions to the jury fully supported plaintiff's contentions and were not likely misunderstood. Point I is denied.

■ Plaintiff's second point contends that the court should have dismissed the jury or instructed the jury to disregard a statement of defendants' witness Barry Richardson. The transcript reveals that as Mr. Richardson left the witness stand and was walking by the counsel table, a conversation between him and plaintiff's attorneys took place. Only his parting remark is reported: "George, for years you told me it ruined a farm". No relief was sought for this occurrence until the motion for new trial. Had plaintiff wanted relief, it should have made a prompt request of the trial court. If a litigant is surprised during the trial, he must seek relief or corrective action at once. *Meinecke v. Stallsworth*, 483 S.W.2d 633, 636 (Mo.App.1972). Allegations of error must be made to a trial court to afford it an opportunity to immediately correct the error. *Associated Underwriters, Inc. v. Mercantile Trust Co. Nat'l Ass'n*, 576 S.W.2d 343, 346 (Mo.App.1978). Parties should not be entitled to gamble on the jury result and then if an adverse result is had, obtain a second chance before a different jury. Id. 576 S.W.2d at 346. As no timely relief was requested, this point is ruled against plaintiff.

■ The third error claimed is that the verdict of the jury was excessive and the result of passion, prejudice and improper evidence. The question of the amount of damages is primarily for the jury. The jury has broad discretion in awarding damages, especially where the verdict has the approval of the trial court. *Boehmer v. Boggiano*, 412 S.W.2d 103, 111 (Mo.1967). The award of the jury was substantially less than defendants' evidence and substantially more than plaintiff's. It was within the range of the testimony and thus would not appear to be excessive. *Lange v. City of Jackson*, 440 S.W.2d 758, 764 (Mo.App. 1969); *Hayden v. Grand River Mutual Telephone Corp.*, 440 S.W.2d 161, 164 (Mo.App. 1969). What improper evidence could have influenced the jury or how the verdict was affected by "passion" or "prejudice" is not apparent from the transcript or the briefs. The trial court was in a better position than we to consider this point and he denied it.

An appellate court cannot infer bias, passion, or prejudice from the amount of the verdict, and the party raising that issue must show some incident or occurrence which created such bias, passion or prejudice. *Breece v. Jett*, 556 S.W.2d 696, 711 (Mo.App.1977). Only the trial court can infer prejudice and bias from the mere size of the verdict. *Best v. Fred Weber Construction Co.*, 525 S.W.2d 102, 106 (Mo.App. 1975). As long as the verdict falls within

the range of values, an appellate court will not weigh the evidence in a jury trial. *DeArmon v. City of St. Louis*, 525 S.W.2d 795, 801 (Mo.App.1975).

The verdict was within the range of the evidence on damages, and we cannot say that it was excessive and the result of passion, prejudice, or improper evidence. The award was supported by substantial evidence and no valid reason to disturb it has been shown. *Jackson County v. Meyer*, 356 S.W.2d 892, 900 (Mo.1962); *State ex rel. State Highway Commission v. Leftwich*, 263 S.W.2d 742, 744 (Mo.App.1953). Point III is ruled against plaintiff.

The judgment is affirmed.

Respondents' motion to dismiss, taken with the case, is overruled.

All concur.