**M & A ELECTRIC POWER COOPERATIVE, A Corporation, Plaintiff–Respondent,**

v.

**Raymond J. TOMLINSON and Juanita L. Tomlinson, His Wife, Defendants–Appellants.**

**No. 11490.**

Missouri Court of Appeals, Southern District, Division Three.

Nov. 26, 1980.

Harold B. Treasure, J. Michael Mowrer, Dalton, Treasure & Mowrer, Kennett, Kenneth L. Dement, Dement & Stamp, Sikeston, for plaintiff–respondent.

Thomas L. Arnold, Benton, for defendants–appellants.

PREWITT, Judge.

Plaintiff brought this condemnation action requesting a power line easement across property owned by defendants. The jury awarded defendants damages of $3,730 and a judgment was entered in accordance with that verdict. Defendants have five points of alleged error. We consider them in the order presented.

■ Point one contends that the verdict "is against the weight of the evidence and shows bias and prejudice on the part of the jury". The evidence of defendants' damages ranged from $1,080 to $27,250. This court cannot weigh the evidence as it is the exclusive province of the trial court to determine if a verdict is against the weight of the evidence. *Wilson v. Missouri–Kansas–Texas Railroad Company*, 595 S.W.2d 41, 46 (Mo.App.1980). The court-appointed commissioners awarded defendants $13,100 as damages, and defendants contend that this and an offer of judgment made by plaintiff support their argument that the verdict "had to be based on passion and prejudice concerned about high utility bills." We see no basis to consider the commissioners' award or the offer of judgment and believe we should consider only the evidence. There is nothing in the evidence to support defendants' assertion. An appellate court cannot infer bias, passion or prejudice from a verdict within the range of testimony and the party raising that issue must show some incident or occurrence which created such bias, passion or prejudice. *Arkansas–Missouri Power Company v. Haines*, 592 S.W.2d 883, 885 (Mo. App.1980). Point one is denied.

Point two contends that the trial court erred in not allowing defendants to cross-examine one of plaintiff's expert witnesses by using a letter that defendants' counsel says he received from the Scott County "ASCS" office. The witness said that the Scott County "ASC" office informed him that they did not have "any yields on this farm". Defendants' counsel then produced and had marked by the reporter a letter purporting to contain certain crop yields on the farm from 1974 to 1977. Plaintiff objected to its use as being hearsay. The trial court sustained the objection.

■ The letter was hearsay; see *State ex rel. Kansas City Power & Light Company v. Parma*, 467 S.W.2d 43, 46 (Mo.1971), and as it had not been admitted into evidence, it could not properly be used in cross-examination. See *Rooney v. Lloyd Metal Products Company*, 458 S.W.2d 561, 566 (Mo.1970); *Ellison v. Simmons*, 447 S.W.2d 66, 70 (Mo.1969); *State v. Hale*, 371 S.W.2d 249, 254 (Mo.1963); *Appelhans v. Goldman*, 349 S.W.2d 204, 207 (Mo.1961); 98 C.J.S. Witnesses § 391, p. 163. An apparent exception to this rule allows the cross-examination of experts by using the contents of suitable publications, properly identified, to test a witness's familiarity with the subject matter, even though the publication would not be admissible as independent evidence. See *Faught v. Washam*, 365 Mo. 1021, 291 S.W.2d 78, 84 (1956). This was not such a publication. Point two is denied.

■ Point three contends that the trial court erred in permitting plaintiff's three

expert witnesses to express opinions as to the damages to defendants' farm. This point does not state "wherein and why" the trial court erred and thus does not preserve anything for our review. Rule 84.04(d), V.A.M.R. Alleging error in the points relied on without asserting why the trial court's action was error preserves nothing for appellate review. *Plaster v. Standley*, 569 S.W.2d 784, 787 (Mo.App.1978); *Barber v. M. F. A. Milling Company*, 536 S.W.2d 208, 209 (Mo.App.1976). However, our examination of the record shows that the trial court did not abuse its discretion in allowing the witnesses to give their opinions as to damages. See *State ex rel. State Highway Commission v. Riss*, 432 S.W.2d 193, 199 (Mo.1968). Point three is denied.

Defendants' fourth point contends that the trial court improperly entered judgment against them for interest when the defendants had never drawn from the court any of the commissioners' award. The commissioners' award was $13,100 and the judgment recites that defendants received and retained it. It required that $9,370, together with interest from August 10, 1977, be paid by defendants to plaintiff. Plaintiff states that the judgment is factually correct except for stating that defendants received the commissioners' award. Plaintiff concedes that defendants should not here be required to pay interest on the difference between the jury's verdict and the commissioners' award. That appears to be correct where the commissioners' award was not received by the landowners. See § 523.045, RSMo 1978; *State ex rel. State Highway Commission v. Lynch*, 471 S.W.2d 261, 264–265 (Mo.1971); *State ex rel. State Highway Commission v. Paul*, 368 S.W.2d 419, 424–425 (Mo.banc 1963). As this error could not have affected the jury's verdict, a new trial is not required. The judgment can be corrected upon remand.

Point five contends that the cumulative effect of the errors claimed in points one, two, and three were so prejudicial as to require the granting of a new trial to defendants. As we found no error in our consideration of those points, this point must likewise be denied.

The judgment is reversed and the cause is remanded for modification of the judgment by removing therefrom the requirement that defendants pay interest, and the total to be received by plaintiff should be accordingly reduced so that plaintiff receives back from the amount of the commissioners' award deposited in the trial court the sum of $9,370. In all other respects, the judgment is affirmed.

BILLINGS, P. J., and MAUS, J., concur.