**CITY OF LEE'S SUMMIT,**
**Missouri, Respondent,**

v.

**Louis T. HINCK, et al., Exceptions of**
**Jack Williams and Nina**
**Williams, Appellants.**

**No. WD 32254.**

Missouri Court of Appeals,
Western District.

June 23, 1981.

John C. Russell, Raytown, for appellants.

Robert H. Markey of Edwards, Markey, Ely & Lambert, Blue Springs, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

MANFORD, Presiding Judge.

This is a direct appeal by landowners from a jury award in easement condemnation proceedings. The judgment is affirmed.

Appellants present one point, alleging that the verdict of $1,500.00, plus costs, was against the weight of the evidence warranting this court on review to conclude that the verdict was based upon passion, bias and prejudice.

Prior to the disposition of this appeal, it must be pointed out that this court on review, "cannot weigh the evidence as it is the exclusive province of the trial court to determine if a verdict is against the weight of the evidence," *M & A Electric Power Cooperative v. Tomlinson*, 608 S.W.2d 571, 573 (Mo.App.1980). The role of this court is to determine if the verdict is supported by substantial evidence. *Kreglinger v. Stillwell*, 592 S.W.2d 228, 230 (Mo.App.1979). Further, it is recognized that "[t]he opinion of one qualified witness as to the extent of damages constitutes substantial evidence," *St. Louis-San Francisco Railway Co. v. Morrison*, 439 S.W.2d 27, 30 (Mo.App.1969). In condemnation proceedings, the award must be within the range of the evidence and conflicting evidence of value. Such resolution is within the province of the fact finder. A verdict will not be overturned merely because of a wide disparity in the testimony of the witness. See *Citizens Electric Corp. v. Amberger*, 591 S.W.2d 736, 738 (Mo.App.1979) and *State ex rel. State Highway Commission v. Grissom*, 439 S.W.2d 13, 17 (Mo.App.1969). The credibility of witnesses is left to the fact finder. *Adams v. American Paving & Construction Co.*, 488 S.W.2d 283, 284 (Mo. App.1972).

With the foregoing principles in mind, a summary of the facts reveals that respondent city, pursuant to a flood-control plan, condemned a 50-feet wide easement for drainage on property belonging to Jack and Nina Williams. The property is located just south of the intersection of Highway 291 and Third Street within the City of Lee's Summit. The property, which is unimproved and unoccupied, consists of approximately three acres with the east boundary line bordering Highway 291. The highway corridor is undergoing commercial and residential development.

Jack and Nina Williams testified on their own behalf, as did a real estate broker. Before these proceedings were initiated, the channel (as described by the Williams) was "little", "very small" and "very narrow". The dimensions of this natural channel were estimated to be 2½ feet deep and 10 feet wide. However, the channel was enlarged, and the Williams estimated it to be seven feet deep, 12 feet wide at the bottom and 50 feet wide at the top as a result of this enlargement.

The Williams testified that during their 20 years of ownership, they had not observed any flooding on this property, although there may have been some at times other than during their frequent visits to the property. They called as an expert a real estate broker, who testified that the entire tract was suitable for commercial development prior to the easement because the Williams could have used the surface without restriction. This witness called the natural channel a "constraint" which could be overcome with "dollars". According to this witness, the easement and the drainage channel effected a de facto severance of the property, rendering only the front (east) portion suitable for commercial development on a smaller scale.

The Williams and their expert witness valued the property (before the taking) at $3.50 per square foot, placing the total value in a range of $400,000 to $475,000. The expert witness calculated the maximum loss at $200,000.

Contrasted with the above evidence, respondent City produced four witnesses. In summary, these witnesses portrayed the new channel enlargement as relatively small, being four or five feet deep, 12 feet wide at the bottom and 32 feet wide at the top. They stated that the old (natural) channel was inadequate to drain its 317 acre watershed and that the City had received numerous complaints of flooding.

As has been indicated, the parties disputed the impact of the easement concerning the development potential of the property.

The City called as an expert a real estate broker. This expert testified that the original (natural) ditch had produced flooding problems which had impaired the development of the property. It was his opinion that only the front (east) of the property had ever been suitable for commercial development and then only for an enterprise less susceptible to flood damage. Further, he thought that the channel had enhanced the property by reducing the chances for flooding.

The City's evidence also indicated that any development near the old (natural) channel would have been subject to the same zoning restrictions as the new channel. Any structure over the old channel would have required compliance with city specifications. The city engineer emphasized that appellants could seek approval for a permanent driveway spanning the new channel.

In the opinion of the designer of the flood control project, appellants lost no "usable" property because of the easement. The expert real estate broker testified that appellants' land was worth $45,000 prior to the taking and $44,000 afterwards. He attributed the $1,000 loss to the temporary easement taken for construction purposes.

The evidence closed and the jury returned an award for $1,500 for appellants. This appeal followed.

■ As can be observed from the above summary of the evidence, the range of damages is from $1,000 (respondent) to $200,000 (appellants). The $1,500 award is within the range of the evidence, *Citizens* and *Grissom, supra*. It appears that the jury (which it is permitted to do) chose to believe the City's evidence. There is nothing which authorizes or requires splitting the difference or giving a different assessment of the damages. From the evidence, the jury could have found that a natural ditch crossed the property and hindered its development. The jury could have also found that the changes in the channel by

the City removed rather than created a barrier to development of the property.

■ Appellants argue to this court that the jury award is grossly inadequate and demonstrates passion, bias and prejudice. A similar contention was presented to and ruled by the court in *Tomlinson, supra,* at 573 wherein the court declared:

"There is nothing in the evidence to support defendants' assertion. An appellate court cannot infer bias, passion or prejudice from a verdict within the range of testimony and the party raising that issue must show some incident or occurrence which created such bias, passion or prejudice."

The quoted declaration in *Tomlinson* is applicable to the instant case since there is nothing in the record of these proceedings to support appellants' assertion of bias, passion or prejudice. In addition to *Tomlinson,* see *Arkansas-Missouri Power Company v. Haines,* 592 S.W.2d 883, 885 (Mo.App.1980). In this case, the court declared:

"What improper evidence could have influenced the jury or how the verdict was affected by 'passion' or 'prejudice' is not apparent from the transcript or the briefs. The trial court was in a better position than we to consider this point and he denied it."

The foregoing declaration in *Haines* is applicable to the instant case as there is nothing in the record of these proceedings to support appellants' assertion of bias, passion or prejudice.

■ Review of appellants' brief causes this court some concern because the statement of facts do not appear entirely accurate on their face and seem to be distorted. Rule 84.04(c) requires that "[t]he statements of facts shall be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Breach of this rule is grounds for dismissal of an appeal. *In re Estate of DeGraff,* 560 S.W.2d 342, 345 (Mo.App.1977) and *Forbes v. Gates,* 530 S.W.2d 18, 19 (Mo.App.1975).

■ Nonetheless, it must be concluded herein that there was substantial evidence to support the jury award, *Kreglinger, supra;* that the award was within the range of the evidence relative to damages, *Citizens* and *Grissom supra;* and that there were qualified witnesses on the issue of damages, *St. Louis-San Francisco Railway, supra.* In addition, there is nothing in the record of this case to support appellants' contention of jury bias, passion or prejudice. *Tomlinson* and *Forbes, supra.*

Appellants' alleged error is found to be without merit and is ruled against them.

The judgment for the reasons set forth herein is in all respects affirmed.

All concur.