John **GEITZ**, Plaintiff-Appellant,

v.

Sherman **GREEN**, Defendant-Respondent.

No. 44940.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 16, 1982.

Eugene H. Fahrenkrog, Jr., St. Louis, for plaintiff-appellant.

Ben Ely, St. Louis, for defendant-respondent.

CRIST, Judge.

Plaintiff passenger sued his host driver and defendant when the car he was riding in collided with a car owned and operated by defendant Green. Host driver received a directed verdict on June 27, 1981. The trial continued on the count against Green for actual and punitive damages. Plaintiff received a jury verdict against Green for $3,500 in actual damages and nothing in punitive damages. Without citing authority in support of his proposition, plaintiff asks in this appeal that we affirm the jury verdict as to liability and grant him a new trial on the issue of damages alone. This is asking too much. We affirm the trial court's sustentation of the jury verdict.

Plaintiff first alleges error in defense attorney's reference to plaintiff's abandoned pleadings relating to host driver while cross-examining the plaintiff. Plaintiff feels the reference to the pleadings against host driver led the jury to ignore the contributory negligence instruction in favor of some form of comparative negligence. Plaintiff's claim of error was preempted when the jury returned a verdict in favor of plaintiff and against defendant. *Kohler v. McNeary,* 498 S.W.2d 796, 797 (Mo.1973). The verdict was rendered on a contributory negligence instruction and the jury is presumed to have followed the trial court's instructions. *Id.* at 797–798.

Plaintiff next asserts error in defense attorney's comments in closing argument to the effect that any punitive damage award would have to be paid out of defendant's pocket. He says this interjects a lack of insurance into the case. The statements however, are not improper because the wealth or financial condition of a defendant is an issue in punitive damages. *Brown v. Payne,* 264 S.W.2d 341, 345–346 (Mo.1954); *Young v. Jack Boring's, Inc.,* 540 S.W.2d 887, 899 (Mo.App.1976).

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.