STATE of Missouri, ex rel., MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Appellants,

v.

William S. MANN, et al., Respondent.

No. WD 36779.

Missouri Court of Appeals, Western District.

Feb. 11, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

Bruce A. Ring, Chief Counsel, Earl H. Schrader, Jr., Gary McMillan, Asst. Counsel, Kansas City, for appellants.

Bruce G. Heavner, Clifford N. Jarrett, Heavner, Jarrett & Kimball, P.C., Kansas City, for respondent.

Before TURNAGE, P.J., and DIXON and LOWENSTEIN, JJ.

PER CURIAM:

The appellant, the Missouri Highway and Transportation Commission (state), sought to relocate Highway 291. The respondents (landowners), own a 209 acre tract in the right of way. The land is in an unincorporated area of Jackson County near the Missouri River. The tract contains vast amounts of commercially salable sand located in 173 acres of the land. Since 1966, a contractor has mined the area under an agreement by which it pays the owners a certain amount for each ton excavated. The property is zoned agricultural but special use permits, issued by the county starting in 1968, allow sand removal. By eminent domain the state acquired a strip through the tract approximately two hundred fifty feet in width and about 2,760 feet in length. This taking of 15.8 acres left some 79 acres on one side and some 114 acres on the other. The condemnation required lateral support of the right of way, which prevents the mining of an additional 85 foot strip totalling about 21 acres.

The following chronology of events offers some background:

| | |
|---|---|
| 1-18-68 | State by letter advises landowners of proposed location of Highway 210. |
| 9-17-74 | Condemnation petition filed. |
| 12-16-74 | Commissioner's file report assessing net damages at $338,550. |
| 1-16-74 | By stipulation, the "day of taking." |
| 7-29-75 | Trial to the bench commenced and concluded. |
| 12-20-76 | Court heard further evidence, telling the parties certain evidence of the landowners as offered in the July trial should have been excluded. |
| 7-29-77 | Court after using capitalization of income method for land and minerals ordered judgment for damages of $338,550. |
| 11-8-77 | State files notice of appeal in Western District. Several points are raised, including determination of damages. |
| 9-5-78 | Case briefed. |
| 5-10-79 | Case argued. |
| 9-4-79 | This court ordered transferred the state's appeal to the Supreme Court for re-examination of capitalization method. |
| 10-13-81 | Supreme Court denied the state's first two points but held the capitalization of income method was improper in this case of a partial taking where minerals were present. *State ex rel. State Highway Commission v. Mann*, 624 S.W.2d 4 (Mo. banc 1981). The opinion concluded: The proper method of determining the fair market value of the land taken in this case is to consider the underlying sand as a factor affecting the fair market value of the land. The court erred in using the capitalization of income method. *The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.* (emphasis added) *Id.* at 10. The mandate contained the language of the last sentence of the opinion. |
| 12-8-81 | The landowner's post opinion "Motion for Clarification" is overruled by the Supreme Court. |
| 6-18-82 | Once the case relodged in circuit court, the state asked for a jury trial. It contended the high court, in reversing the judgment, also had "remanded for a new trial on all issues." The landowners disagreed. |
| 7-2-82 | The trial judge was unsure of the mandate and asked for suggestions, which were filed by both parties. |
| 11-4-82 | The court refused to grant a jury trial, noting the words "further proceedings" in the mandate "do not mean a new trial, but mean a reopening of the cause and the reception of further evidence." |
| 2-3-83 | The trial court announced as of February 15, it would deny reconsideration of the state's motion unless prohibited. |
| 2-14-83 | This court denied the state's writ to prohibit the trial judge from conducting trial without a jury. |

3-29-83    Supreme Court denies a similar petition for prohibition.

8-22-84    Trial court hears additional evidence on the value of the property. The evidence centered primarily on comparable sales.

12-5-84    Court awards damages of $338,550.

This appeal ensued. The state raised two points, first that it was entitled to a jury trial after the remand because the remand was a general remand requiring a new trial, and that the trial court did not receive sufficient evidence on remand to support the damage award.

The panel heard argument on November 7, 1985 and split on the jury trial issue—the majority having decided the remand was general which called for a trial de novo and entitled the state to a jury trial. The dissent deemed the remand language unclear and allowed the trial court to exercise its discretion on the matter. Then this Court, on December 24, 1985 pursuant to Article V, Sec. 10, Constitution of Missouri, recommended transfer to the Supreme Court of this cause prior to opinion. Among other reasons, the basis for the transfer was the jury trial issue was a matter of statewide importance. Copies of the proposed majority and dissent accompanied the transfer. On January 15, 1986, the Supreme Court made the following order retransferring the case back to this court:

> Now at this day, having considered the recommendation of the Missouri Court of Appeals, Western District, for transfer of the above-entitled cause to this Court, prior to opinion, the Court doth order that said cause be, and the same is hereby, transferred from the Missouri Court of Appeals, Western District. Art. V, Sec. 10, Constitution of Missouri.
>
> The cause is hereby ordered retransferred to the Missouri Court of Appeals, Western District, with instructions to consider the proceedings conducted by the trial court on remand as consistent with this Court's mandate in *State ex rel. State Highway Commission v. Mann*, 624 S.W.2d 4 (Mo. banc 1981).

The Supreme Court has decided this question without reason or citation of authority. Acting under the compulsion of this Supreme Court mandate, this Court must summarily deny the argument of the state on the jury trial issue.

In its second point the state contends there was no evidence to support the judgment, and the court erroneously applied the law because on remand it heard no evidence that tended to support the damage award. Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), this court must sustain the trial court's judgment unless there is no substantial evidence to support the judgment or unless it erroneously applied the law. *Id.* at 32. Appellant's point, therefore is solely a question of law.

As to the matter of whether there was substantial evidence to support the damages award, this court first examines the evidence presented by the landowners. Mann, the landowner, testified to the sales of several tracts of land which he considered comparable in arriving at the value of the portion of his land taken. There is no question that a court may accord validity to the evidence entered by a property owner regarding the value of his property. An owner of property is ordinarily qualified to give his opinion as to the value of his own property even though he is not a real estate expert. *Larabee v. City of Kansas City*, 697 S.W.2d 177, 182 (Mo.App. 1985). There is nothing in this record to bolster an argument that would disparage or keep Mann's testimony from amounting to substantial evidence.

In summary, Mann testified that the value of his property was $3,000,000 before the taking and $2,450,000 after the taking, resulting in damages of $550,000. To support his valuation, Mann presented evidence of the sale of three tracts located near the property in question. The sales ranged from $3,000 to $13,000 per acre. There were no sand mining operations on any of these properties. Mann also testified about a property on which a contractor mined sand. The contractor closed the operation because the sand was not of a

desired quality and later attempted to negotiate a lease to mine sand on Mann's property.

Mann also testified to the rental values of the various properties as compared to the rental value of the tract in question. According to the landowners, the point of Mann's entire testimony was to show what a ready, willing, and able buyer would pay for the Mann tract upon comparing it with the variables incident to the sale of other properties in close proximity. The testimony emphasized that sand mining was the highest and best use of the land taken, a factor approved by the Supreme Court on the first appeal.

■ The state offered two witnesses who testified to what they considered comparable sales and arrived at damage awards of $58,040 and $52,770. The trier of fact is not bound to believe or disbelieve the testimony of any given party. In this case, the judge chose to accord more weight to the evidence of Mann rather than the evidence offered by the state's witnesses. The verdict was within the range of the evidence on damages, and this court cannot say it was excessive or based upon improper evidence. The award was supported by substantial evidence and the state shows no valid reason to disturb it. *Arkansas—Missouri Power Co. v. Haines*, 592 S.W.2d 883, 886 (Mo.App. banc 1980).

■ The state, without further explanation and without citation of authority, would have this court believe that because the trial judge awarded the same damages as that arrived at in using the capitalization method proves the judge erroneously applied the law. There is no merit to this conclusion. Mann's testimony and the court's damages award were based upon the market approach approved by the Supreme Court in *Mann, supra*, at 7.

This court holds there was substantial evidence to support the judgment of a damage award of $338,550. Moreover, the trial court did not erroneously apply the law in arriving at the amount of the award.

The judgment of the trial court is affirmed.