Mark PONTE, Appellant,

v.

HARLEY DAVIDSON MOTOR COMPANY, First Capitol Sports Center, Inc., and Kelsey Hayes Company, Respondents.

No. 51171.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 23, 1987.

Donald L. Schlaprizzi, St. Louis, for appellant.

Robert C. Ely, Daniel T. Rabbitt, Sam P. Rynearson, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

This appeal follows a jury verdict in favor of respondents in a products liability action. Appellant, Mark Ponte, sued Harley Davidson Motor Company, the manufacturer of the motorcycle, Kelsey Hayes Company, the manufacturer of the component rear brake master cylinder, and First

Capitol Sports Center, Inc., the retailer, contending that a defect in the rear braking system caused the brakes to fail and that the absence of crash bars (leg protectors) caused or contributed to the severity of his injury. Appellant raises three issues on appeal. First, he contends that the trial court erred in refusing to give his proffered withdrawal instruction on the issue of contributory negligence. Next, he argues that the trial court improperly allowed defense counsel to make a plea of poverty during closing argument. Finally, he alleges error in respondents' conflicting verdict directing instructions. We affirm.

On May 23, 1980, the Friday before Memorial Day, appellant was riding his Harley Davidson motorcycle west on Highway 54 en route to the Lake of the Ozarks. There was heavy, "stop and go" traffic. Appellant turned to his left to look at the sea clam statues in front of the Golden Door Restaurant and to point them out to his wife who was riding behind him on the motorcycle. The car ahead of appellant stopped and, before colliding with it, appellant testified that he applied the rear foot brake, which completely failed, and then swerved to the right. Appellant collided with the car's right rear bumper and his left leg sustained severe injuries, requiring amputation several inches below the knee.

At the time of the collision, the rear braking system on appellant's motorcycle was subject to a manufacturer's recall. Harley Davidson Motor Company had sent a recall notice to its customers in March, 1980, but appellant claimed he had not received it. However, he did receive a second notice in September, 1980, after the accident and prior to filing suit. The recall letter stated that the rear brake master cylinder might not fully release and have a tendency to drag. Appellant testified that he had not experienced any problems with the brakes prior to the collision. Expert witnesses testified for both parties and reached contrary opinions as to the functioning of the rear brake system at the time of the accident.

Bill Stewart, a former employee of First Capitol Sports Center, Inc., testified that he and appellant spoke after appellant's release from the hospital. Stewart stated that appellant explained that he had been looking at the scenery to the side of the road and, upon looking back to the road, saw the car stopped in front of him, but did not have time to react. Stewart testified that appellant did not mention having had a problem with the brakes. Appellant denied having had the conversation with Stewart.

Appellant also contended that the absence of crash bars on his motorcycle rendered the product defective. He claimed that crash bars would have reduced or eliminated his injury. Crash bars are available as standard equipment on some Harley Davidson models and were available as an option to appellant at the time of purchase. Expert testimony revealed that a difference of opinion exists within the industry as to the effectiveness or desirability of crash bars. Appellant admitted knowing about crash bars at the time of purchase.

In his first point on appeal, appellant asserts that the trial court erred in refusing Instruction A, his proffered withdrawal instruction.[1] Appellant's instruction informed the jury that the issue of his contributory negligence was withdrawn from the case and should be disregarded in reaching a verdict.

Appellant's argument is that the issue of contributory negligence (fault) conflicts with the theory of strict liability (no fault) and necessitated withdrawing the negligence issue from the jury's consideration. It is true that a plaintiff's contributory negligence is not at issue in a products liability case and is not appropriate for instruction. *Lippard v. Houdaille Industries, Inc.*, 715 S.W.2d 491, 493 (Mo. banc 1986). It is also true that a defendant in a strict liability action may advance a different explanation of the sole cause of an injury, including a plaintiff's alleged carelessness or negligent conduct, to support its argument that the product is not defec-

---

**1.** Instruction A reads: "The issue of plaintiff Mark Ponte's contributory negligence is withdrawn from the case and you are not to consider such issue in arriving at your verdict."

tive or the alleged defect did not cause the injury. *Lippard*, 715 S.W.2d at 493; *Earll v. Consolidated Aluminum Corp.*, 714 S.W.2d 932, 935 (Mo.App., E.D.1986).

■ In the instant case, respondents presented evidence of appellant's negligent conduct at the time of the collision. Respondents' evidence of appellant's carelessness was offered as an alternative, sole cause of the collision and resultant injury. The trial court found, and we concur, that the issue of appellant's contributory negligence never arose at trial. Therefore, it could not be withdrawn by an instruction. The trial court also expressed concern that the withdrawal instruction would only confuse or mislead the jury about what evidence was properly before them. The trial court has broad discretion in deciding whether to accept or reject withdrawal instructions. *Dunn v. St. Louis-San Francisco Ry. Co.*, 621 S.W.2d 245, 252 (Mo. banc 1981), *cert. denied*, 454 U.S. 1145, 102 S.Ct. 1007, 71 L.Ed.2d 298 (1982). We find no abuse of discretion in the trial court's ruling. This point is denied.

■ In appellant's second point, he alleges that the trial court erred in permitting counsel for Harley Davidson Motor Company to deliver a plea of poverty during closing argument. Upon careful review of the record, we are in agreement with the trial court's ruling that defense counsel's remarks did not constitute a plea of poverty. Rather, the commentary was directed at the fact that appellant had failed to present any evidence of Harley Davidson's net worth and, consequently, the lack of evidence upon which the jury could base a punitive damage award. Such remarks were proper because "the wealth or financial condition of a defendant is an issue in punitive damages." *Geitz v. Green*, 642 S.W.2d 400, 401 (Mo.App., E.D.1982). Point denied.

In his final point, appellant claims that the trial court erred in giving Instructions Nos. 6 and 8 because they allegedly resulted in conflict, confusion, and prejudicial error. Harley Davidson Motor Company submitted Instruction No. 6 as a converse to appellant's Instruction No. 5, and First Capitol Sports Center, Inc. submitted Instruction No. 8 as a converse to appellant's Instruction No. 7. Instructions Nos. 5, 6 and 8 are set forth below [2]:

### INSTRUCTION NO. 5

Your verdict must be for plaintiff Mark Ponte against defendant Harley Davidson Motor Company if you believe:

First, defendant Harley Davidson Motor Company sold the motorcycle in the course of defendant Harley Davidson Motor Company's business, and

Second, the motorcycle was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use, and

Third, the motorcycle was used in a manner reasonably anticipated, and

Fourth, plaintiff Mark Ponte was damaged as a direct result of such defective condition as existed when the motorcycle was sold.

### INSTRUCTION NO. 6

Your verdict must be for defendant Harley Davidson Motor Company unless you believe that plaintiff was damaged as a direct result of the defective condition as submitted in Instruction No. 5.

### INSTRUCTION NO. 8

Your verdict must be for defendant First Capitol Sports Center, Inc. unless you believe plaintiff was damaged as a direct result of a defective condition of the motor cycle as submitted in instruction number 7.

Appellant points out that Instruction No. 6 refers to "the" defective condition while Instruction No. 8 refers to "a" defective condition. Appellant's Instructions Nos. 5 and 7 refer to "a" defective condition.

---

**2.** Instruction No. 7 is identical to Instruction No. 5 except that it names First Capitol Sports Center, Inc. as defendant.

■ Apparently, the argument is that Instruction No. 6 requires the jury to find against appellant and in favor of Harley Davidson Motor Company unless it finds that both the rear brake master cylinder and the lack of crash bars caused appellant's injury. We note, however, that Instructions Nos. 5, 6, 7 and 8 all refer to the singular "defective condition" and not to specific defects, and all convey substantially the same meaning: a defective motorcycle. Converse instructions need only be worded in a substantially similar manner to the verdict director. *Bartleman v. Humphrey*, 441 S.W.2d 335, 348 (Mo.1969). We need only reverse for defects of substance with substantial potential for prejudicial effect. *Fowler v. Park Corp.*, 673 S.W.2d 749, 755–56 (Mo. banc 1984). We find it unlikely that the variation complained of had a substantial effect on the jury. Point denied.

Finding each of appellants points to be without merit, we affirm the judgment of the trial court.

STEPHAN and SIMON, JJ., concur.