Ronald H. BECKMANN, Respondent,

v.

Carol L. BECKMANN, Appellant.

No. 59659.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 10, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1992.

Application to Transfer Denied
Feb. 25, 1992.

Ernest L. Keathley, Jr., St. Louis, for appellant.

William W. Brown, Bridgeton, for respondent.

2. This instruction was not in effect at the time of trial.

CRIST, Judge.

Appellant (Defendant) appeals from a judgment in favor of Respondent (Plaintiff) in the amount of $4,375 in a court-tried case. We affirm.

In July 1983, Plaintiff and his wife invested $5,000 to capitalize a sewer-cleaning business with Defendant and her husband, Plaintiff's brother. The business utilized this investment to buy equipment, advertising and insurance, and commenced operation. Approximately five months later, Plaintiff and his wife sold their business to Defendant for $5,000. Defendant made a $500 down payment. The parties executed a writing referring to the $4,500 due as a loan from Plaintiff to Defendant. Defendant thereafter paid $125 on the debt, leaving an amount due Plaintiff of $4,375. Plaintiff brought suit to recover this amount, plus interest.

Defendant asserts in three points relied on that no evidentiary support existed for finding a sale, and that there was a lack of consideration for Defendant's promise to pay. At trial, Plaintiff testified the parties agreed that Plaintiff and his wife would sell their interest in the business to Defendant. The writing confirmed Defendant's obligation to pay. The credibility of a witness is left to the fact finder. *City of Lee's Summit v. Hinck,* 618 S.W.2d 719, 720[2] (Mo.App.1981). Plaintiff's interest in the business was sufficient consideration for Defendant's obligation to pay Plaintiff.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.