**Elizabeth WILSON, Respondent,**

v.

**CHECKER CAB COMPANY, a Corporation, Appellant.**

**No. 53030.**

Supreme Court of Missouri,
Division No. 2.

Sept. 9, 1968.

Murphy, Roche & Schlapprizzi, Byron A. Roche, St. Louis, for respondent.

William P. Byrne, Whalen, O'Connor & Byrne, St. Louis, for appellant.

STOCKARD, Commissioner.

In plaintiff's action for damages in the amount of $17,000 for personal injuries, the jury verdict was for defendant. The trial court sustained plaintiff's motion for a new trial, and defendant has appealed.

The essential features of plaintiff's testimony may be briefly stated. About 2:45 o'clock in the morning of January 29, 1965, plaintiff and Mrs. Winifred Lonsberry took a taxicab at 3714 Olive Street to go to Mrs. Lonsberry's apartment at 1604 South 14th Street in the City of St. Louis. Upon arrival at their destination, plaintiff waited in the cab while Mrs. Lonsberry went to obtain money to pay the fare, and when plaintiff saw her returning she started to get out of the cab. When she had one foot in the cab and one on the ground the cab "jerked or lerched" [sic] and she was "flipped" around and caused to fall. There was ice where she fell, but she had not noticed it before the cab moved.

Instruction 2, plaintiff's verdict directing instruction, was as follows:

"Your verdict must be for plaintiff if you believe:

First, the driver of the taxicab was an employee of Checker Cab Company and was operating the defendant's taxicab within the scope and course of his employment by Checker Cab Company, and

Second, plaintiff was a fare paying passenger in defendant's taxicab, and

Third, the taxi driver either: allowed the taxicab to move forward while plaintiff was alighting, or failed to provide plaintiff with a reasonably safe place to alight from the taxicab, and

Fourth, the taxi driver's conduct, in any one or more of the respects submitted in paragraph third, was negligent, and

Fifth, as a direct result of such negligence plaintiff sustained damage."

At the request of defendant the trial court gave Instruction 6 as follows:

"Your verdict must be for the defendant if you believe plaintiff fell after she had alighted from defendant's taxicab and traveled approximately twenty feet from said taxicab."

The trial court granted plaintiff a new trial for the alleged error in giving Instruction 6. Certain evidence offered by the defendant is material.

The operator of the taxicab could not be identified and he did not testify. Police

Officer Wayne Pinnin testified that about 3:30 o'clock of the morning of January 29, 1965, while on duty and driving his patrol car at or near the intersection of Lafayette and 14th Streets, he saw a Checker Cab parked near a fire lane about ten feet from a chain that divided the fire lane from a parking area. He also saw two "females that were on the ground about, say, twenty feet in front of the cab" on the other side of the chain from the taxicab. The cab driver and one of the women were trying to get the other woman, whom the officer identified as plaintiff, up from the ground. On a photograph of the area the officer drew the location of the cab and showed it facing the chain and being about ten feet from it. He placed an X as indicating the place plaintiff was lying which was about ten feet beyond the chain. Officer Pinnin testified that he "smelled an odor of alcoholic beverage" on plaintiff's breath, her speech was slurred, and in his opinion she was suffering from acute alcoholism. He further testified that the distance which "separated the front end of the Checker Cab to the place where [plaintiff] was on the ground" was "about twenty feet."

MAI 29.01 provides that a verdict directing instruction of plaintiff may be conversed in *one* of *three* ways, and the three methods are set forth and explained. In this case Instruction 6 admittedly did not purport to follow either of the first two methods. The determinative question is whether the third method was followed.

The third method is described in MAI 29.01 as consisting of "An instruction beginning 'Your verdict must be for defendant if you believe' followed by a hypothesized *ultimate issue* which, if true, would defeat plaintiff's claim." It is pointed out that the use of this converse instruction requires independent evidence to support it, and that the defendant assumes the risk of nonpersuasion.

Plaintiff submitted two ultimate issues in Instruction 2; (1) that the taxi driver al-

lowed the taxicab to move forward while she was alighting, and (2) the taxi driver failed to provide plaintiff a reasonably safe place to alight from the cab. In Instruction 6 the defendant hypothesized the ultimate issue of whether plaintiff had alighted from the taxicab and traveled approximately twenty feet before she fell. The testimony of the police officer constituted independent evidence to support this submission. If the jury found the submitted issue to be true it defeated plaintiff's submitted claim. If plaintiff fell after she had alighted from the taxicab and had traveled twenty feet, the direct cause of her damage could not have been that the taxicab moved "while she was alighting," or that the taxi driver failed to provide her with "a reasonably safe place to alight."

Plaintiff's principal argument, as we understand it, is that "defendant's converse [Instruction 6] did not precisely converse any element of plaintiff's verdict directing instruction." This overlooks the fact that the third authorized method of submitting a converse instruction does not require that plaintiff's theory of the case be directly or precisely conversed. In Bollman v. Kark Rendering Plant, Mo., 418 S.W.2d 39, it was held that "[a] defendant has the option to submit its theory of the case by way of a converse instruction, without being required to directly negative the plaintiff's theory of the case," and it was held that the converse instruction in that case followed the third method in MAI 29.01.

Instruction 6 was an authorized modification of MAI 29.05, it was supported by the evidence, and was not erroneous.

The order granting plaintiff a new trial is reversed and the cause remanded with directions to reinstate the verdict and enter judgment for the defendant.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, Acting P. J., and EAGER and HOLMAN, JJ., concur.

FINCH, P. J., not sitting.