STATE of Missouri ex rel. STATE HIGH-WAY COMMISSION of Missouri, Plaintiff-Appellant,

v.

Mattie SAMS et al., Exceptions of Charles L. Branic et al., Defendants-Respondents.

No. 55753.

Supreme Court of Missouri, Division No. 2.

Sept. 11, 1972.

Robert L. Hyder, Earl H. Schrader, Jr., Frank O. Benson, Kansas City, for appellant.

Robert W. Spangler, Elvin S. Douglas, Jr., Crouch, Crouch, Spangler & Douglas, Harrisonville, for respondents, Charles L. Branic and Margaret L. Branic.

DONNELLY, Judge.

The State Highway Commission brought proceedings in the Circuit Court of Cass County, Missouri, to condemn 28.66 acres out of a total of 115.61 acres of land owned by Charles L. Branic and Margaret L. Branic. Commissioners were appointed and filed a report awarding the Branics $62,500. The Highway Commission filed exceptions, a trial was had, and a jury verdict was returned in the amount of $66,000 in favor of the Branics. Judgment was entered for the additional $3,500, plus interest, and the Highway Commission appealed.

The points raised on appeal are: (1) that the trial court erred in giving Instruction No. 6 (MAI 3.02) over the objection of plaintiff for the reason that said instruction failed to place any burden whatsoever upon defendants to cause the jury to believe the evidence necessary to support the amount of their damages; (2) that the trial court erred in giving Instruction No. 5 (MAI 34.03) for the reason that no definition of the term "general benefits" was given and for the further reason that there was no evidence of any general benefit to be withdrawn; (3) that the trial court erred in admitting into evidence sales of lots and small tracts located in platted and partially developed residential subdivisions as comparable sales to prove the value of defendants' undeveloped and unplat-

**278**

ted 115-acre tract of land because said sales were not comparable as a matter of law; were based on hearsay and were used as the basis of an improper valuation of defendants' land; and (4) that the trial court erred in striking the entire after-value testimony of plaintiff's witness Riebold and sustaining an objection to the testimony of plaintiff's witness, Lloyd Boten, both dealing with a potential change of use in defendants' remaining land and in refusing to allow plaintiff to introduce any evidence of the reasonable probability of having the same rezoned.

On the record in this case, we hold: (1) that, while we recognize appellant's criticism of MAI 3.02 has possible merit and compels a reevaluation of MAI 3.02 by this Court and its Committee, we will not penalize respondents and reverse and remand the case when the trial judge followed our Rule 70.01, V.A.M.R., and gave the instruction as published; (2) that the trial judge did not err in giving Instruction No. 5 (MAI 34.03), even assuming there was no evidence of general benefits in the case, "because the jury would otherwise take * * * [general benefits] into consideration in determining fair market value" (MAI 2d Ed., p. 378); (3) that the admission into evidence of comparable sales "was made in the reasonable exercise of the discretion of the trial judge, and no abuse of discretion is indicated" (City of St. Louis v. Vasquez, Mo. Sup., 341 S.W.2d 839, 851); and (4) that the trial judge did not err in ruling, in effect, that the offered evidence of probable change in zoning was speculative and not substantial (State ex rel. State Highway Commission v. Carlson, Mo.App., 463 S. W.2d 74, 80, 81).

The judgment is affirmed.

MORGAN, P. J., HENLEY, J., and CONLEY, Special Judge, concur.