**Wendy Louise OLIVER, a minor, By and Through her next friend and natural guardian, Benjamin F. Oliver, Appellant,**

**v.**

**BI–STATE DEVELOPMENT AGENCY, a municipal corporation, Respondent.**

**No. 56483.**

Supreme Court of Missouri, Division No. 2.

April 9, 1973.

Motion for Rehearing or to Transfer to Court En Banc Denied May 14, 1973.

50

———◆———

Samuel A. Goldblatt, and William R. Kirby, St. Louis, for appellant.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Donald W. Bird, St. Louis, for respondent.

HENLEY, Judge.

This is an action for damages of $450,000 for personal injuries. Verdict and judgment were for defendant and plaintiff appeals. The case was pending in this court before January 1, 1972, the effective date of the 1970 amendment of Article V, § 3, Constitution of Missouri, V.A.M.S., and jurisdiction is retained to dispose of the appeal as required by § 31, para. 4, of the amendment. We reverse and remand for the giving of an erroneous converse instruction.

Plaintiff, a six-year-old girl, sustained extensive severe injuries, some of which left her crippled for life, when her foot was caught in the exit door and she was dragged and run over by one of defendant's buses as it pulled away from its regular stop at the southeast corner of the intersection of Taylor and Kennerly avenues in St. Louis on January 21, 1969, at about 3:00 o'clock in the afternoon. The exit door was an accordian-type in two parts which, when opened, one half would fold or slide into the wall at one side of the doorway and the other half would fold or slide into the other side; when closed, the two halves would come out, meet at the center, and thus close the doorway. The leading edge of each half of the door was rubber and when joined they presented a total width of about four inches of rubber. The evidence is conflicting as to whether the door was closed on plaintiff's foot as she was leaving the bus or after she had left and was in the act of reboarding.

Plaintiff's evidence is, briefly, that at the time of the accident she and her grandmother, Etta Oliver, were passengers on defendant's north-bound Taylor avenue bus on their way home; that they intended to get off at the Kennerly avenue stop, pur-

chase candy for Wendy at the confectionery on that corner, and proceed from there to their home nearby; that Wendy was ahead of her grandmother and as the child stepped down from the bus to the curb with one foot the door suddenly closed on the other and the bus pulled away from the curb dragging and running over her, as previously indicated; that she (the grandmother) and the other passengers yelled out to the driver to stop, " * * * that [he] had caught someone in the door."

Defendant's evidence is, briefly, that plaintiff alighted from the bus and stood on the sidewalk a safe distance away while others alighted behind her; that plaintiff attempted to reboard the bus at this doorway when the grandmother, still inside, called out to her, "Come back here * * * This isn't our stop * * *"; that as plaintiff stepped up, the door closed on her foot and the bus started forward; that passengers yelled at the driver to stop and he did so almost immediately, but after having travelled about seven feet; that the driver looked through mirrors arranged so that he could see the area and people in the area as they left through the rear exit but he did not see plaintiff leave or her attempt to reboard the bus and he saw no one in or near this doorway as he closed the door and drove away.

Instruction No. 2, plaintiff's verdict directing instruction, is as follows:

" 'Your verdict must be for Plaintiff, Wendy Oliver, if you believe:

" 'First, Defendant, by and through its agents and servants, either: failed to keep a careful lookout, or failed to use on the bus in question the inter-loc door device which Defendant had adopted for use on its other busses, and

" 'Second, Defendant's conduct, in any one or more of the respects submitted in paragraph first, was negligent, and

1. Reference to rules is to Missouri Supreme Court Rules and V.A.M.R.

" 'Third, as a direct result of such negligence, Plaintiff sustained damage.' "

Instruction No. 3, defendant's converse instruction, is as follows:

" 'Your verdict must be for Defendant if you believe:

" 'First, Plaintiff alighted from Defendant's bus and reached a position of safety on the sidewalk adjacent thereto, and

" 'Second, Plaintiff thereafter attempted to reboard said bus through its rear exit doors, and

" 'Third, the operator of said bus was then keeping a careful lookout under the circumstances then and there existing and,

" 'Fourth, the rear exit doors of said bus were then reasonably suitable and fit for their intended use.' "

Plaintiff contends that the court erred in giving defendant's converse instruction, because it uses the MAI 33.05 form, but fails to hypothesize an ultimate issue which would defeat plaintiff's claim as required by MAI 33.01.

Rule 70.01 [1] and MAI,[2] particularly MAI 33.01, authorize the giving of an instruction conversing plaintiff's verdict directing instruction and provide three "methods" of converse. The first and second methods require no independent evidence for support and are "true" or "negative" converse instructions. The first method, provided for in MAI 33.02, requires the use of the "if you do not believe" introduction followed by one or more propositions submitted by plaintiff's verdict directing instruction in substantially the same language used in the verdict director. The second method, provided for in MAI 33.03 nad 33.04, requires the use of the "unless you believe" introduction again followed by one or more propositions submitted by plaintiff's ver-

2. Missouri Approved Jury Instructions, second edition.

dict directing instruction and in substantially the same language. The third method, provided for in MAI 33.05, is an affirmative converse and requires independent evidence to support it. It requires the use of the "if you believe" introduction and is to be used only to submit an ultimate issue which, if true, would defeat plaintiff's claim.

■ Defendant acknowledges that its instruction 3 is a "third method" converse, and asserts that it is authorized by MAI, because it " * * * properly converse[s] the two ultimate issues submitted by plaintiff." Defendant argues that the instruction not only requires the jury to disbelieve plaintiff's version of the accident, but to "affirmatively believe" defendant's version. " * * * [D]efendant's argument ignores the underlying requirement that an affirmative converse instruction must submit an 'hypothesized ultimate issue which, if true, would defeat plaintiff's claim.'" Shepard v. Ford Motor Company, 457 S.W.2d 255, 258 (Mo.App.1970); MAI 33.01, p. 351.

■ MAI 33.05 is not to be used where, as here, there is not an ultimate issue to submit which would defeat plaintiff's claim. It is not to be used to submit as a converse " * * * the two ultimate issues submitted by plaintiff" in substantially the same language as used in plaintiff's verdict director; in such instance MAI 33.01 requires the use of the first or second method, MAI 33.02, 33.03 or 33.04.

■ This converse instruction admittedly submits the opposite of the two ultimate issues submitted by plaintiff and is erroneous in that it uses MAI 33.05 to do so. It is confusing and misleading. See MAI, "How to Use this Book", p. LI, Converse Instructions.

Wilson v. Checker Cab Company, 431 S.W.2d 122 (Mo.1968), relied upon by both parties, supports plaintiff's position. In *Wilson* the plaintiff submitted the ultimate issue that she fell while alighting from defendant's taxi; defendant's affirmative converse directed a verdict for defendant if the jury believed plaintiff fell, not while she was alighting from, but after she had walked some twenty feet from the taxi. That fact, if true, defeated plaintiff's claim. Not so in this case; here the jury was presented with no fact or issue which, if true, would defeat plaintiff's claim, and the use of the affirmative converse therefore violated MAI 33.01, and such violation was error prejudicial to plaintiff. Shepard v. Ford Motor Co., supra, 457 S.W.2d at 258; Wilson v. Checker Cab Co., supra; Bollman v. Kark Rendering Plant, 418 S.W.2d 39, 48 (Mo.1967); Stover v. Patrick, 459 S.W.2d 393, 395 (Mo. en banc 1970).

■ Of the six points briefed by plaintiff, only the main point, discussed above, and one other (involving alleged error in the admission of evidence) were assigned as error and called to the trial court's attention in plaintiff's motion for new trial. The remaining points briefed are not preserved for review. Rule 79.03. The point that evidence was erroneously admitted involves alleged statements of a witness to plaintiff's counsel. Since the parties have the benefit of the briefs on this question, it is unlikely to arise at the next trial; hence, we need not discuss the point.

Defendant's motion to dismiss the appeal on the ground that plaintiff's brief violates Rule 83.05 (now Rule 84.04) is overruled.

The judgment is reversed and the cause remanded for a new trial.

All Of The Judges concur.