Mr. and Mrs. Paul J. SMILE, Appellants,

v.

Sidney LAWSON, Respondent.

No. 57622.

Supreme Court of Missouri,
Division No. 2.

Feb. 11, 1974.

Motion for Rehearing or for Transfer to Court en Banc Denied March 11, 1974.

------◆------

Elwyn L. Cady, Jr., Independence, for appellants.

Karl W. Blanchard, Joplin, for respondent; Blanchard, Van Fleet, Robertson & Dermott, Joplin, of counsel.

HOUSER, Commissioner.

Loretta Mae Smile and her husband Paul brought suit against Sidney Lawson, D.O., for $470,000 damages for malpractice and loss of consortium, arising out of the performance by defendant of a thyroidectomy on Mrs. Smile. According to the petition the nervous structures of Mrs. Smile's throat were severed and irreparably damaged, resulting in paralysis of her vocal cords, due to defendant's unskillful and negligent operative procedure. It was further alleged that after the operation defendant fraudulently concealed the fact of surgical damage; that with knowledge of the facts defendant failed to disclose that he had irreparably damaged the nervous structures during the operation and concealed the true state of affairs, thereby causing plaintiffs to desist from making claim or filing suit.

The first judgment in this case, entered summarily for defendant on his motion, was reversed on appeal. Smile v. Lawson, 435 S.W.2d 325 (Mo. banc 1968). On remand there was a jury verdict for defendant. This Court has jurisdiction, plaintiffs' notice of appeal having been filed prior to January 1, 1972.

■ Plaintiffs' first complaint relates to the giving of Instruction No. 5, which defined the term "negligence" as "the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by the members of defendant's profession *in good standing practicing in similar localities.*" We have italicized the language of which complaint is made by plaintiffs on the ground that in Gridley v. Johnson, 476 S.W.2d 475, 481 (Mo.1972), this Court directed that the words "in good standing" not be used in future malpractice cases; criticized the use of the words "practicing in similar localities"; stated that the modern trend is away from basing the standard of care on localities and suggested that this is a matter for consideration by the Court's committee on jury instructions. Instruction No. 5 as given was a verbatim reproduction of MAI No. 11.06 as published in the then-current MAI book. This trial occurred in October, 1971. Gridley v. Johnson was decided in January, 1972. Its ruling that the words "in good standing" not be used was not made retroactive in operation but was expressly confined to the retrial of that case and "future cases." Being prospective only in operation it had no effect on the propriety of Instruction No. 5. The Court's criticism of the use of the term "practicing in similar localities" did not condemn its use in previously de-

cided cases but consigned the question to the court's committee for study with the observation that in the meantime MAI 11.-06 should continue to be used, with the deletion only of the words "in good standing." The trial court having given an approved instruction the use of which at the time was mandatory may not be convicted of error in not anticipating future changes in instructions on this subject. "[W]e will not penalize [defendant] and reverse and remand the case when the trial judge folowed our Rule 70.01, V.A.M.R., and gave the instruction as published; * * *." State ex rel. State Highway Commission v. Sams, 484 S.W.2d 276, 278 (Mo.1972).

Plaintiffs' second point is that the court erred in permitting defendant to cross-examine Mrs. Smile concerning certain criminal convictions. Plaintiffs argue that none of the convictions was shown to be anything but a municipal ordinance violation. The court permitted defendant's counsel on cross-examination to ask Mrs. Smile whether it was not a fact that she "had some 5 or 6 convictions beginning back in about 1950 and continuing for several years." The basis for this question lay in answers given by Mrs. Smile to interrogatories, in which she answered "Yes" to the following question, "Have you ever been convicted of any criminal offense, either felony or misdemeanor?" Asked to list the offenses, their dates and the sentences imposed, she listed six vagrancy convictions in various cities in Oklahoma, Texas and Tennessee in different months in 1950 and 1951, in which fines of $1500 and $15, three one-week imprisonments and one one-month incarceration were imposed. Although counsel for Mrs. Smile objected on the ground that the convictions were merely city ordinance violations and not misdemeanors there was no evidence to substantiate the objection.

There was no error in permitting the cross-examination. Section 491.050, RSMo 1969, V.A.M.S., authorizes proof of conviction of a criminal offense to affect the credibility of a witness upon his cross-examination. Kansas City v. Roberts, 411 S.

W.2d 847 (Mo.App.1967), is cited in Commerford v. Kreitler, 462 S.W.2d 726, 733 (Mo.1971), for the proposition that conviction of a misdemeanor in a state court may be proved on cross-examination to affect the credibility of a witness, and Meredith v. Whillock, 173 Mo.App. 542, 158 S. W. 1061, 1063 (1913), is cited for the proposition that violation of a city ordinance is not admissible as proof of the commission of a crime contemplated in § 491.050. Mrs. Smile having admitted in writing under oath that these convictions were criminal offenses—either felonies or misdemeanors—and plaintiffs not having substantiated counsel's statement that they were "at most city ordinance violations" may not now on this appeal dispute the admitted facts.

Plaintiffs' third point is that the court erred in giving defendant's affirmative defense Instruction No. 4, as follows: "Your verdict must be ·for defendant on Count I and Count II of plaintiffs' petition unless you believe that defendant severed plaintiff, Loretta Smile's right and left recurrent laryngeal nerves and that defendant had actual knowledge of this fact and fraudulently concealed this fact from plaintiff and engaged in trickery and deceit to prevent plaintiff from ascertaining the truth of her condition and that plaintiff exercised reasonable diligence to determine the truth of her condition." Plaintiffs contend they were prejudiced (1) by the use of the word "severed" in this instruction; that it is argumentative, calculated to mislead, confusing, unclear, ambiguous; that it conflicts with Instruction No. 2, which submits "failure to protect" the laryngeal nerves, and that it constitutes a misdirection; (2) by requiring a finding that defendant have actual knowledge of the severance of the nerves, which is also in conflict with Instructions Nos. 2 and 3; (3) by requiring the finding of trickery and deceit as additional elements of fraudulent concealment; (4) by requiring a finding of the element that "plaintiff exercised reasonable diligence to determine the truth of her condition" as an additional el-

ement under the fraudulent concealment and trickery theories; that defendant has attempted to shift to plaintiffs the burden of proof on his affirmative defense.

 Instructions Nos. 2 and 3, offered by plaintiffs, directed verdicts for plaintiffs upon a finding of failure to protect each recurrent laryngeal nerve from damage during surgery. The direction of a verdict for defendant under Instruction No. 4 if the jury found that the nerves were *severed* did constitute a conflict with Instructions Nos. 2 and 3, but the conflict was engendered by plaintiffs' fault and not by error on the part of defendant. Plaintiffs' Instructions Nos. 2 and 3 were too favorable to plaintiffs. They authorize verdicts for plaintiffs without requiring a finding of several elements essential to recovery in this case. Plaintiffs waited until five and a half years after the operation to bring this suit—long after the expiration of the statute of limitations in malpractice cases. To avoid the bar of the statute "[t]he burden [was] on the plaintiffs to prove the facts necessary to a finding in their favor on the issue of fraudulent concealment of the facts giving rise to the cause of action." Smile v. Lawson, supra, 435 S.W.2d l. c. 328. Proof and a finding of actual knowledge by defendant that he had severed the nerves during the operation was an essential element of their case. Smile v. Lawson, supra; Swope v. Printz, 468 S.W.2d 34, l. c. 42 [15] (Mo.1971). Fraudulent concealment from Mrs. Smile of the true situation was an essential element of proof and had to be found to authorize a recovery by plaintiffs, as were findings that defendant engaged in trickery and deceit to prevent Mrs. Smile from ascertaining her true condition, and that she exercised reasonable diligence to determine the truth of her condition. Swope v. Printz, supra. Instruction No. 4 is not subject to claims of error (1), (2), (3) and (4), above, nor did it improperly shift the burden of proof on the affirmative defense, as claimed. On the contrary, No. 4 clearly and succinctly declared the law of this case on defendant's affirmative defense to the cause of action pleaded and sought to be proved by plaintiffs.

No error appearing, the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.