**Gary W. KING, Plaintiff-Appellant,**

**v.**

**Dr. Edward LAKE,**
**Defendant-Respondent.**

**No. 35633.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 1, 1975.

Motion for Rehearing or to Transfer to
Supreme Court Denied May 19, 1975.

Rosecan & Popkin, Richard C. Witzel, St. Louis, for plaintiff-appellant.

Hullverson, Hullverson & Frank, Thomas C. Hullverson, E. Lemoine Skinner, III, St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from a judgment of the Circuit Court for the Twenty-third Judicial Circuit of Missouri entered in behalf of a defendant in a medical malpractice case, and although the plaintiff-appellant attempts to present for review three Points Relied On in his brief, they constitute nothing other than abstract statements of law and fail to comply with the requirements of Rule 84.04(d), V.A.M.R., that Points Relied On "state briefly and concisely what actions or rulings of the court are sought to be reviewed *and* wherein and why they are claimed to be erroneous, . . ." (Emphasis supplied). On this grounds alone we could refuse to afford him review. However, since all three Points Relied On, as well as the six sub-Points, relate to one question, we shall nevertheless consider that question. The question, succinctly put, is whether the giving of an instruction defining "negligence" in a medical malpractice case in terms of the failure to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession *"practicing in similar localities"* constituted prejudicial error. We hold that it did not and affirm.

The facts, stated briefly, are that the plaintiff-appellant, on August 12, 1970, was working underneath an automobile removing the transmission when it fell off the jack fracturing his left forearm. He sought

the services of the defendant-respondent, a Doctor of Osteopathy, whom he contends negligently failed to re-examine and re-x-ray his forearm after reducing the fracture and placing it in a plaster cast to determine whether the bones were in proper alignment as they healed. After trial to a jury, verdict was rendered for the defendant-respondent, judgment was entered thereon and this appeal followed.

The thrust of plaintiff-appellant's complaint is that the trial court erred in refusing to give his proffered instruction and, instead, gave an instruction which is identical except that it limits the skill and learning required of the defendant-respondent to the skill and learning ordinarily used by members of the profession practicing in similar localities. He argues that the "similar localities" rule is antiquated and although the rule in Missouri prior to Gridley v. Johnson, 476 S.W.2d 475 (Mo.1972), the Supreme Court in Gridley reasoned that the rule had long outlived its usefulness, that the modern trend is away from the "similar localities" rule, and thereby changed the substantive law of the State in this respect. Defendant-respondent contends that although Gridley, supra, criticized the rule it did not overrule it, but, rather, referred the matter to the committee on jury instructions for later action, directing meanwhile that the trial courts and attorneys of this state continue to use M.A.I. No. 11.06 with the deletion of the words "in good standing." 476 S.W.2d, l.c. 483. We agree with defendant-respondent's contention.

This case was tried on June 26, 1973. The Supreme Court Order deleting the words "in similar localities" from M.A.I. No. 11.06 although adopted on December 12, 1972, was not published in the 1973 Pocket Parts of the Missouri Approved Jury Instructions and shipped until June 22, 1973. The Supreme Court Order of December 12, 1972 provides:

"The aforesaid changes in and additions to M.A.I. as now adopted must be used on and after July 1, 1973." As the Supreme Court said in Smile v. Lawson, 506 S.W.2d 400, 402 (1974): "The trial court having given an approved instruction the use of which at the time was mandatory may not be convicted of error in not anticipating future changes in instructions on this subject."

We affirm.

CLEMENS, P. J., and STEWART, J., concur.