**Jeanne TIERNEY, et al.,**
**Plaintiffs-Respondents,**

v.

**Ralph M. BERG, M.D.,**
**Defendant-Appellant.**

**No. 46412.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 23, 1984.

Parks G. Carpenter, St. Louis, for defendant-appellant.

John J. Frank, St. Louis, for plaintiffs-respondents.

KELLY, Presiding Judge.

This is an appeal from an order of the Circuit Court of the City of St. Louis granting plaintiffs a new trial following a jury verdict on the grounds that defendant's affirmative converse instructions, MAI 33.-05, were erroneous in that they merely negated, in the disjunctive, facts essential to plaintiffs' case rather than affirmatively asserting facts which would defeat plaintiffs' claims. We agree and affirm.

In this two count medical malpractice case the plaintiffs are Jeanne Tierney, a 16 year old girl, and her parents, John and Jeanne M. Tierney. Count I of Plaintiffs' First Amended Petition is for malpractice in that the defendant failed to timely diagnose and treat Jeanne Tierney for appendicitis and that as a result the appendix became gangrenous, ruptured and resulted in pelvic inflammatory disease requiring that she undergo a hysterectomy. The second count of plaintiffs' First Amended Petition was to recover for the loss of services and medical expenses incurred by the Tierneys for their minor daughter as a result of defendant's alleged negligence.

The trial court's verdict director of Miss Tierney's claim was submitted in Instruction No. 8 as follows:

"Your verdict must be for the plaintiff Jeanne Tierney on her claim for personal injury if you believe:

First, defendant failed to timely diagnose plaintiff Jeanne Tierney's appendicitis, or defendant failed to timely perform surgery for plaintiff Jeanne Tierney's appendicitis, and

Second, defendant, in any one or more of the respects submitted in paragraph first, was thereby negligent, and

Third, as a direct result of such negligence plaintiff Jeanne Tierney sustained damage."

Defendant's affirmative converse instruction, Instruction No. 9 reads:

"Your verdict must be for defendant if you believe either Mrs. Tierney failed to timely inform Dr. Berg of symptoms characteristic of appendecitis, [sic] or Jeanne Tierney's pelvic disease was not caused by appendecitis." [sic].

Identical instructions, Nos. 12 and 13, were submitted with respect to Count II of plaintiffs' First Amended Petition, except they were tailored to fit the parents' claim for loss of service and medical expenses incurred. For that reason they need not be set forth herein.

The jury returned a verdict for the defendant and the plaintiffs filed a timely motion for new trial alleging error in the giving of defendant's affirmative converse instructions Nos. 9 and 13. The trial court sustained plaintiffs' motion for new trial and defendant appealed.

■ On appeal the defendant raised two Points Relied On. However, his first Point does not comply with Rule 84.04(d) because it fails to specify wherein and why the trial court erred in sustaining the plaintiffs' motion for new trial and we decline to review said contention. *Thummel v. King,* 570 S.W.2d 679 (Mo. banc 1978). We shall dispose of defendant's second Point later in this opinion.

When a motion for new trial is sustained our courts on review are more liberal in upholding the trial court than when such motion is denied; and this rule of liberality is applied even in those cases where a new trial is granted because of instructional error. *Clevenger v. Walters,* 419 S.W.2d 102, 104[1] (Mo.1967); *Royal Indemnity Co. v. Schneider,* 485 S.W.2d 452, 457[1] (Mo.App.1972).

■ In determining whether an instruction given at the request of a defendant is supported by the record evidence, we must consider the evidence in the light most favorable to the defendant, together with all favorable and reasonable inferences to be drawn therefrom. *Rose v. St. Louis Public Service Co.,* 205 S.W.2d 559, 560[1] (Mo. 1947).

■ Affirmative converse instructions have been approved for use in Missouri since *Wilson v. Checker Cab Co.,* 431 S.W.2d 122 (Mo.1968). However, MAI 33.-05 and the Notes on Use thereto proscribe their use to certain situations. An affirmative converse jury instruction must submit an hypothesized ultimate fact issue which, if true, defeats plaintiff's claim. *Shepard v. Ford Motor Company,* 457 S.W.2d 255, 258[1] (Mo.App.1970). The use of an affirmative converse instruction carries with it the risk of non-persuasion, MAI 33.05, Notes on Use and *Wilson,* supra, at p. 123. A defendant enjoys the option of submitting his theory of the case through the use of an affirmative converse instruction, but when he does he must carry his burden of persuasion by producing independent evidence supporting those facts submitted in the instruction. *Koirtyohann v. Washington Plumbing and Heating Co.,* 471 S.W.2d 217, 222[7] (Mo.1971). Such facts must be sufficient in law to defeat plaintiffs' claim. *Shepard v. Ford Motor Co.,* 457 S.W.2d 255, 258 (Mo.App.1970).

With this background a summary of the facts is appropriate.

According to plaintiffs' evidence Miss Tierney became ill on the afternoon of Monday, May 15, 1978. She experienced vomiting, stomach cramps and diarrhea. On Tuesday she was running a fever, and her condition was generally worse. Mrs. Tierney, the mother, called the defendant and related to him her daughter's complaints. Dr. Berg instructed her to give her daughter two Empirins every four hours and to give her an enema.

By Wednesday, May 17, Miss Tierney continued to experience vomiting, stomach cramps and diarrhea. Her fever was slightly elevated and she had cold sweats.

On Thursday, May 18, Mrs. Tierney again called Dr. Berg's office and talked with Mrs. Berg, the defendant's wife who also was the nurse in his office. During this telephone conversation, Mrs. Tierney told Mrs. Berg that her daughter's condition remained unchanged except that her daughter's fever was "up and down." In the course of this telephone conversation Mrs. Berg talked to Dr. Berg and relayed to Mrs. Tierney Dr. Berg's direction that Mrs. Tierney bring her daughter to his office on Saturday, May 20, inasmuch as his office was closed on Friday, May 19.

As directed, Mrs. Tierney accompanied her daughter to Dr. Berg's office on Saturday, May 20 at approximately 10:30 a.m., where she was examined by Dr. Berg, advised that she had appendicitis and that she should go straight to the hospital.

Miss Tierney went to the Incarnate Word Hospital on Saturday, May 20, arriving there at about noon. Dr. Berg arrived at the hospital at approximately 2:30 p.m., and shortly thereafter performed an appendectomy on Miss Tierney. By this time her appendix had ruptured. She remained in the hospital and was discharged on May 28, 1978.

After she returned to her home following her hospitalization, Miss Tierney continued to be weak, ran a slight fever of approximately 99°, was listless and continued to have stomach cramps. She returned to Dr. Berg in June of 1978, approximately two weeks after her discharge from the hospital. At this time Miss Tierney was still pale and no better than she was when she left the hospital. By August of 1978 she continued to have pain in her stomach, and had fever "off and on." By August 24, her condition had worsened to the point where she had stomach pain, fever and vomiting. She had no diarrhea. She was taken to St. Anthony's Hospital emergency room where she was told she should return to see Dr. Berg at Incarnate Word Hospital. That same day Mrs. Tierney took Miss Tierney to the Incarnate Word Hospital and advised

Dr. Berg that her daughter had been having stomach cramps, fever and vomiting. Miss Tierney was again hospitalized, and during this hospitalization Dr. Berg treated her with antibiotics.

By early November, 1978, Miss Tierney again was experiencing fever, cold sweats and stomach pain. She was then taken to Dr. Thomas P. Shaner and he hospitalized her in St. Mary's Hospital on November 8, when he administered antibiotics and various diagnostic tests. Her condition did not improve. Ultimately in March, 1979, Dr. Shaner performed a complete hysterectomy on her at St. Mary's Hospital.

At trial Dr. Richard H. Schwarz, an obstetrician and gynecologist, testified in response to a hypothetical question that in his opinion Dr. Berg was negligent in failing to diagnose and treat Miss Tierney's appendicitis prior to the rupture of the appendix and that her ruptured appendix ultimately caused the need for her hysterectomy.

Defendant's second Point Relied On is stated as follows:

The court erred in granting plaintiffs a new trial based on defendant's affirmative converse instructions because the instructions were proper and not subject to the frailties assigned by the trial judge in the following respects:

A. The instructions regarding Mrs. Tierney's communications to Dr. Berg and his office were not the mere negation of facts essential to plaintiffs' recovery; rather, they affirmatively hypothesized an issue defeating plaintiffs' claim.

B. Independent evidence existed to support defendant's affirmative converse instruction on Mrs. Tierney's failure to communicate the symptoms characteristic of appendicitis.

C. Defendant's second submission on the causal relationship between appendicitis and pelvic inflammatory disease is not the mere negation of causation:

Rather, it is the affirmative assertion of a fact which, if true, defeats plaintiffs' claim.

D. Defendant's affirmative converse instruction on the lack of relationship between appendicitis and pelvic inflammatory disease is supported by independent evidence.

E. Defendant's affirmative converse instructions are not improper comment on the evidence, nor do they improperly highlight evidentiary matters.

F. The absence of a causal relationship between appendicitis and pelvic inflammatory disease defeats plaintiffs' claim as pleaded and proved.

G. Defendant's affirmative converse instruction did not improperly fail to define the phrase "symptoms characteristic of appendicitis" because the phrase was clear, simple, and unambiguous in light of the expert testimony and could not have been misunderstood by the jury.

H. Defendant's affirmative converse instructions did not improperly limit the furnishing of information to Dr. Berg in light of the issues and evidence at trial.

■ Our review of the record reveals that no independent evidence was adduced at trial to support defendant's contention that Mrs. Tierney failed to inform Dr. Berg of the symptoms of appendicitis. He argues that Mrs. Tierney's testimony on cross-examination constitutes the evidence necessary to support the use of the affirmative converse instructions. The thrust of his argument is that Miss Tierney did not, herself, directly communicate her complaints to Dr. Berg; that it was Mrs. Tierney who did; that the expert testimony establishes that a doctor cannot correctly diagnose appendicitis unless the progress of the condition is communicated to him; that even though on direct examination

Mrs. Tierney testified generally that she communicated the progress of her daughter's symptoms to Dr. Berg, her more specific testimony on cross-examination is that she did not do so. This testimony, if believed by the jury, is not evidence of an independent nature supporting defendant's affirmative converse instructions.

Dr. Berg did not refute Mrs. Tierney's testimony concerning her telephone calls to his office. His testimony was that he did not remember them. He did not produce as a witness his wife/nurse regarding Mrs. Tierney's conversations with her concerning Miss Tierney's condition. The only basis for a finding that Mrs. Tierney did not communicate her daughter's symptoms of appendicitis to Dr. Berg would be a disbelief of Mrs. Tierney's testimony.

Defendant relies on what he contends were inconsistencies in Mrs. Tierney's testimony elicited during her cross-examination which he claims give rise to two distinct and contradictory versions of the facts concerning this issue. We do not agree because our reading of the transcript does not reveal that Mrs. Tierney's testimony was confusing, contradictory, or difficult to understand. Her testimony was inconsistent on several points: whether the onset of Miss Tierney's symptoms was on Sunday or Monday; whether Miss Tierney went to school on Monday; whether she took her daughter's temperature, and, if she did, whether she did so with a thermometer or by placing her hand on her daughter's forehead; and whether Miss Tierney's vomiting was constant or not.

These inconsistencies developed from the witness four years after the event hardly give rise to the conclusion that two divergent versions of the facts may be gleaned from Mrs. Tierney's testimony. We have reviewed the cases cited by defendant for his contentions and find them inapposite.[1]

We hold that in the absence of independent evidence to support the submission of

---

1. *Thaller v. Skinner & Kennedy Co.,* 307 S.W.2d 734, 737 (Mo.App.1957) and *Rose v. St. Louis*

*Public Service Co.,* supra.

his affirmative converse instruction that Mrs. Tierney failed to inform defendant of her daughter's symptoms of appendicitis, it was error to submit instructions Nos. 12 and 13, both patterned after MAI 33.05, and that the trial court did not err in granting plaintiffs a new trial on that ground.

We affirm.

STEWART and SNYDER, JJ., concur.