Lloyd D. WEIR and Mary M. Weir, Appellants,

v.

Bernard J. WILMES and Cecelia E. Wilmes, Respondents.

No. WD36015.

Missouri Court of Appeals, Western District.

March 19, 1985.

James W. Whan, Maryville, for appellants.

Dan Hale, St. Joseph, for respondents.

Before KENNEDY, J., Presiding, and DIXON and CLARK, JJ.

DIXON, Judge.

The plaintiffs Weir appeal from the jury's verdict in favor of the defendants Wilmes in this surface water case. The sole issue is a claim of instructional error.

The parties filed a stipulation. From that stipulation and the pleadings, the facts appear to be as follows. Defendants, the upper landowners, installed drainage tile in a portion of their farmland, thus enabling the surface water on their land to flow into a pre-existing natural drainage ditch, a waterway. The plaintiffs' and defendants' farms are separated by a gravel road but the waterway leads onto the plaintiffs' farm. After the defendants tiled their land, the water flow in the drainage ditch increased. There is no evidence the capacity of the waterway was exceeded.

The plaintiffs submitted the following verdict-directing instruction:

Instruction No. 6 .

Your verdict must be for plaintiffs if you believe:

First, defendants owned real estate as described in the evidence, and

Second, the normal flow of surface water was collected and directed or permitted to be collected and directed on plaintiffs' real estate by the tiling of defendants' real estate, and

Third, the defendants permitted the discharge of water onto plaintiffs' real estate in concentrated and destructive quantities, and

Fourth, such use by defendants of their real estate was unreasonable, and

Fifth, as a direct result of such conduct of defendants, the plaintiffs sustained damages.

The defendants, in turn, offered the following instruction:

Instruction No. 7

Your verdict must be for defendants, if you believe that:

First, the defendants' tiling did not collect surface water from its normal flow and did not direct or permit it to be collected and directed on the plaintiffs' real estate, and

Second, the defendants did not discharge water onto the plaintiffs' real estate in concentrated and destructive quantities, and

Third, the defendants are making reasonable use of their land.

The court refused the defendants' Instruction A, a not-in-MAI instruction, which read:

Your verdict must be for defendant, if you believe that:

First, defendants' tiling did not change the direction of the flow of natural drainage, and

Second, the tiling emptied into a natural drain-way on the defendants' land, and

Third, the emission of drainage from the tiling did not exceed the capacity of the natural drainage of the land, and

Fourth, defendants were making reasonable use of their land.

The jury returned a verdict for defendants and plaintiffs appeal, asserting defendants' affirmative converse instruction was erroneously submitted to the jury as it did not hypothesize an issue distinct from that raised by plaintiffs' verdict director and thus tended to confuse and mislead the jury.

■ Instruction No. 7 is a third-method or affirmative converse instruction. MAI 33.05. In generally approving the use of such a converse instruction, the Missouri Supreme Court has stated, "Although it is undisputed that '[a] defendant has the option to submit its theory of the case by way of a converse instruction, without being required to directly negative the plaintiff's theory of the case,' *Bollman v. Kark Rendering Plant*, 418 S.W.2d 39 (Mo.1967), a third-method converse must submit an 'hypothesized ultimate issue which if true would defeat plaintiff's claim.'" *Morse v. Johnson*, 594 S.W.2d 610, 613–14 (Mo. banc 1980), *citing, Oliver v. Bi-State Development Agency*, 494 S.W.2d 49 (Mo.1973). "There is authority that it is error to use the affirmative converse instruction to submit the same issue that is submitted in plaintiff's verdict director on the theory that this can only be done with a true converse instruction." E.L. Thomas, *Converse Instructions Under MAI*, 42 Mo.L. Rev. 175, 203 (1977); *See, Stover v. Patrick*, 459 S.W.2d 393 (Mo. banc 1970); *Wilson v. Checker Cab Co.*, 431 S.W.2d 122 (Mo.1968); *Oliver v. Bi-State Development Agency*, 494 S.W.2d 49 (Mo.1973); *See also, Morse v. Johnson*, 594 S.W.2d 610 (Mo. banc 1980); *Associated Underwriters v. Mercantile Trust Co.*, 576 S.W.2d 343 (Mo. App.1978); *Lawrie v. Continental Casualty Co.*, 555 S.W.2d 347 (Mo.App.1977). Because the defendants' affirmative converse instruction submitted exactly the same issues, albeit in different language, as did the plaintiffs' verdict director, and did not submit an additional or different issue, it was erroneous under the authority cited.

■ Plaintiffs' verdict-director, Instruction No. 6, was based on a misapprehension of surface water law in Missouri. Instruction No. 6 was the same as the instruction approved in *Looney v. Hindman*, 649 S.W.2d 207 (Mo. banc 1983). In *Looney*, the court noted three types of surface water situations that are generally actionable:

(1) the collection of surface water into an artificial channel or volume and discharge of it in increased and destructive quantities upon the servient estate to its damage, (2) the draining off of surface waters in such a manner as to exceed the natural capacity of the drainways and (3) the discharging of surface waters onto adjacent lands to which it would not naturally drain.

*Id.* at 211, citing *Borgmann v. Florissant Development Co.*, 515 S.W.2d 189, 194–95 (Mo.App.1974). The *Looney* instruction was approved in a fact situation of the first type. There is nothing in *Looney* to suggest that the instruction approved there should be utilized in all three types of surface water cases. The concurrence by Higgins, J., joined by Welliver, J., was upon the basis that only the first type of claim was involved. If *Looney* were read as plaintiffs here contend, the distinctions developed in the case law of this state as to various rules relating to surface water would be meaningless. The plaintiffs' instruction modeled on the *Looney* instruction was improper here, where a natural waterway is involved.

■ The instant case is controlled by *Roberts v. Hocker*, 610 S.W.2d 321 (Mo. App.1980), which dealt with a natural wa-

terway situation. There, the court stated that an owner may "use artificial water channels to carry off surface water in concentrated flow *provided* the discharge emits into a ' "natural surface-water channel" located on his property' even though the method of riddance accelerates and increases the flow of surface water, *provided further* that the owner acts without negligence and does not exceed the natural capacity of the natural drainway to the damage of the neighbor." *Id.* at 327, citing *Haferkamp v. City of Rock Hill,* 316 S.W.2d 620, 625 (Mo.1958). It is apparent that the defendants' refused Instruction A, *supra,* correctly stated the law for this type of surface water case and would have been an appropriate affirmative converse under MAI 33.05, even if plaintiffs had proceeded on Instruction No. 6. *Smile v. Lawson,* 506 S.W.2d 400 (Mo.1974); E.L. Thomas, *Converse Instructions Under MAI,* 42 Mo.L.Rev. 175, 191 (1977).

Because of the error in plaintiffs' verdict director, a true converse would not present the defendants' theory of the case. The defendants could only present one converse instruction and by offering Instruction A, attempted to present their theory of the case. The instruction actually given was an attempt to force the affirmative converse of the defendant into conformity with the plaintiffs' erroneous verdict director. This resulted from an erroneous view of *Looney,* which plaintiffs continue to assert on appeal, that *all* surface water claims may be presented under the instruction approved in *Looney.*

The error thus caused should not result in a reversal when the defendants offered a proper instruction, which was refused. Whatever impelled the error, it would not have occurred if defendants' Instruction A had been given. The trial court denied a new trial, finding there was no prejudicial error; and the trial court judgment should be and is affirmed.

All concur.