Anna K. McMULLIN, Respondent,

v.

Glen POLITTE and Carol Politte, Appellants.

No. 55996.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 31, 1989.

Daniel E. Wilke, Scott C. Harper, Clayton, for appellants.

Gregory D. O'Shea, St. Louis, for respondent.

CRIST, Judge.

Slip and fall on parking lot case. The jury found plaintiff/respondent 100% at fault. The trial court found reversible error in defendants/appellants' affirmative converse instruction. We reverse.

■ Plaintiff submitted a verdict director requiring the assessment of a percentage of fault to defendants on a finding of loose gravel on defendants' parking lot; the lot was not reasonably safe for customers; defendants knew about it; defendants failed to use ordinary care to remove or warn of it; and plaintiff was injured. Without specific objection from plaintiff, defendants submitted an affirmative converse instruction requiring the jury not to assess a percentage of fault to defendants if plaintiff fell on another's parking lot. Plaintiff proffers reversible error in that defendants had failed to plead affirmatively plaintiff had fallen on another's parking lot. But, this defense did not necessitate an affirmative pleading. Plaintiff alleged in her petition "[p]laintiff was on the parking lot *owned by or operated by defendants ....*" (Emphasis ours.)

■ Defendants presented evidence to show they did not own or operate property where plaintiff fell. Using plaintiff's photographs marked by her as to where she fell, Mr. Politte testified plaintiff did not fall on his property but on the parking lot owned by another. He also testified he did not maintain the property where plaintiff fell. He stated he informed plaintiff of this shortly after her fall. Point denied.

Plaintiff asserts the affirmative converse instruction was not an MAI instruction and did not properly state the law of the case. Defendants contend the instruction is an affirmative converse instruction patterned after MAI 33.05 (1980 Revision). The trial took place on September 16, 1988. MAI 33.05 (1980 Revision) was withdrawn effective January 1, 1988, and replaced, without change in the language of the instruction itself, by MAI 33.05(1) (1988 New). The notes on use, however, continue to direct the use of a true converse instruction, "unless you believe," to converse an element that is submitted in plaintiff's verdict directing instruction. *See* MAI 33.05(1) notes on use (1988 New); *Oliver v. Bi–State Development Agency*, 494 S.W.2d 49, 52[2] (Mo.1973).

■ One of the contested issues in this case was whether plaintiff fell on defendants' property. This issue was not expressly submitted for the jury's determination by plaintiff's verdict director, although it may be implied from the requirement the jury find a causal connection between plaintiff's injury and defendants' failure to use ordinary care. Thus, although defendants could have utilized a true converse instruction, "unless you believe plaintiff's injuries were a direct result of defendants' failure to remove or warn of loose gravel on defendants' parking area," the contested issue of the location of plaintiff's fall would not have been directly submitted to the jury by either plaintiff's verdict director or by defendants' converse instruction. In view of the omission from plaintiff's verdict director of an express requirement that the jury make a finding on a contested issue, the defendants may not be faulted for submitting that issue by means of an affirmative converse instruction. Plaintiff is in no position to complain that the issue regarding the location of her fall was submitted as an "affirmative converse" for in so doing defendants took on the burden to present independent evidence to support their contention. *See Greco v. Robinson*, 747 S.W.2d 730, 738 (Mo.App.1988).

■ We also note that defendants' converse instruction failed to follow the precise wording of MAI 33.05(1) in that it told the jury "in your verdict you must not

assess a percentage of fault to defendants ..." rather than "your verdict must be for defendants...." Such modification is proper in a comparative fault case, such as this, where the verdict form, MAI 37.07 (1986 New) does not permit the jury to find in favor of plaintiff or defendant, only to assess percentages of fault to one or the other or both.

■ Plaintiff's contention the instruction does not properly state the law in this case is erroneous. Inferentially, plaintiff's verdict director required a finding plaintiff fell on defendants' parking lot. Defendants presented evidence showing they were not the owners of the parking lot nor did they maintain control over it. If the jury believed such evidence, plaintiff was not entitled to a judgment in her favor. *See Wofford v. Kennedy's 2nd Street Co.*, 649 S.W.2d 912, 916[5] (Mo.App.1983); *Hitchell v. Strauss*, 748 S.W.2d 771, 773 [1, 2] (Mo. App.1988).

■ Finally plaintiff alleged the instruction was improperly submitted because it did not define the word "property." We note plaintiff failed to request a definitional instruction at trial. Additionally, M.A.I. does not define the word property and nothing in this case suggests it is a word that would cause the jury confusion and thus need defining. The court must define legal or technical terms, but it need not define non-technical, readily understood words or commonly used words. *Marshall v. Edlin*, 690 S.W.2d 477, 481 [12, 13] (Mo. App.1985). There was no prejudice to plaintiff.

None of plaintiff's alleged points of instructional error was sufficient to render reversal, nor was plaintiff prejudiced by the submission of the instruction. Thus, the order granting a new trial is reversed and the verdict reinstated.

Judgment reversed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.