**Shirley A. HILLER, Appellant,**

v.

**James DIESTELHORST,
M.D. Respondent.**

**No. 59364.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 15, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 18, 1991.

Application to Transfer Denied
Jan. 28, 1992.

Linda L. Hahn, St. Louis, for appellant.

Daniel E. Wilke, St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals from an adverse judgment on a jury verdict in a suit for damages for medical malpractice. We reverse and remand because of an erroneous affirmative converse instruction.

Plaintiff alleges Defendant Doctor failed to diagnose carotid artery disease, and this failure resulted in a stroke which left her permanently disabled. Plaintiff testified she had had "spells" before she saw Defendant Doctor in June, 1985. She testified these "spells" began in March 1985, and consisted of a feeling of lightheadedness, falling to the left, impairment of her vision, and a tingling over her entire body.

Plaintiff testified she first received care after a particularly bad incidence of these symptoms in Chicago in June, 1985. She was treated at a Chicago hospital where the diagnosis was hyperventilation. Hospital records do not include any references to any of her left-sided symptoms, but do refer to the lightheadedness and tingling. Plaintiff subsequently made an appointment with Defendant Doctor, whom she saw on June 25, 1985. Defendant Doctor's office notes indicate that Plaintiff described some of the above symptoms but do not mention any specifically left-sided symptoms. Plaintiff testified she told Defendant Doctor of the left-sided symptoms. Defendant Doctor testified he specifically inquired whether she had such one-sided symptoms, and she replied she did not.

After his examination, Defendant Doctor strongly urged that Plaintiff enter the hospital immediately. Plaintiff checked into Missouri Baptist Hospital, where various cardiac tests were performed. The test results showed no irregularity with Plaintiff's heart functions. None of the left-sided symptoms were listed in the Missouri Baptist records. Plaintiff was released from Missouri Baptist and told to schedule another appointment with Defendant Doctor in three to four weeks.

In July 1985, Plaintiff suffered a stroke while in Chicago. She was treated at Elmhurst Hospital. The hospital records do not indicate any report of a history of left-sided weakness prior to the stroke.

On appeal, Plaintiff complains of Defendant Doctor's affirmative converse instruction. This instruction was as follows:

Your verdict must be for defendant James Diestelhorst, M.D., if you believe plaintiff's stroke occurred because .her right internal carotid artery dissected or if you believe plaintiff did not tell Dr. Diestelhorst she had left sided symptoms of arm and leg tingling, vision loss, arm drooping and falling to the left.

Plaintiff's contention is that it was possible for the jury to find that Plaintiff failed to tell Defendant Doctor of the symptoms and still find that Defendant Doctor was negligent in failing to diagnose carotid artery disease.

Also at issue was whether Plaintiff's stroke was caused by the dissection of the right internal carotid artery. If so, the stroke would have occurred without prior symptoms, and Defendant Doctor would not have been negligent for failing to diagnose any problem. Both parties agree that the portion of the instruction referring to the possibility that the artery dissected was proper.

Defendant Doctor argues the rest of the instruction was proper because Plaintiff's failure to tell Defendant Doctor of her left-sided symptoms negates the element of foreseeability necessary to Plaintiff's action for negligence. He contends that without knowledge of these symptoms, he could not be found negligent because he could not have appreciated the likelihood of Plaintiff suffering a stroke.

In determining whether an instruction given at the request of a defendant is supported by the record, we must consider the evidence in the light most favorable to the defendant, together with all favorable and reasonable inferences to be drawn therefrom. *Tierney v. Berg*, 679 S.W.2d 919, 921[2] (Mo.App.1984). "An affirmative converse jury instruction must submit an hypothesized ultimate fact issue which, if true, negates plaintiff's claim." *Id.* at [3, 4]. A defendant may submit his theory of the case through the use of an affirmative converse instruction. *Id.* However, he must then produce independent evidence supporting those facts submitted in the instruction, and the facts must be sufficient in law to defeat plaintiff's claim. *Id.*

In the instant case, the facts were not sufficient in law to defeat plaintiff's claim. Plaintiff's medical expert was asked a hypothetical question in which he assumed knowledge of all Plaintiff's hospital records before the stroke, Plaintiff's symptoms of tingling, numbness and confusion, and Plaintiff's bilateral carotid arteriogram test results after her stroke. No mention was made in the hypothetical of any left-sided symptoms. In response to the question of whether Defendant Doctor deviated from the required standard of care in his treatment and diagnosis of Plaintiff, he testified:

My opinion is that Dr. Diestelhorst did not adequately evaluate the patient's neurological possibility for etiology of her symptoms in that, number one, he did not appropriately perform a physical neurological examination, at least did not document same in the chart; number two, did not have a neurological consultant for evaluation of this patient's problems; did not order an electroencephalogram; did not order a CAT Scan of the brain; did not order any studies of the carotid arteries which would include non-invasive carotid artery studies such as Doppler flow studies and OPG studies whereby one can determine the location of a blockage. Further, there are duplex Doppler scans where non-invasively one can actually see the arteries. Following from this, there are a number of arteriograms which can be performed.

Plaintiff thus made a submissible case without having to show she told Defendant Doctor of the left-sided symptoms. While this evidence of Plaintiff's failure to relate her left-sided symptoms may have been decisive in the jury finding for Defendant Doctor, it had no place in an affirmative converse instruction in this case, because it does not defeat Plaintiff's claim if true. *See Shepard v. Ford Motor Company*, 457 S.W.2d 255, 258[1] (Mo.App.1970).

Defendant Doctor asserts Plaintiff's medical expert's response to Plaintiff's hypothetical question was discredited by his later assertion on cross-examination that he was basing his testimony on the records and Plaintiff's deposition testimony. Defendant Doctor argues that because Plaintiff's deposition testimony repeatedly refers to her assertions about her left-sided symptoms, the medical expert was basing his testimony on facts not included in the hypothetical and not proved as true. Con-

sidering the context of the question and the answer, we find this testimony did not discredit the medical expert's opinion of malpractice. Plaintiff's hypothetical question was very clear and did not include any assumption of left-sided symptoms. The medical expert's assertion on cross-examination that he was basing "the opinions [he] expressed here today" on the records. This did not conflict with his earlier testimony.

Because we reverse and remand this case on this point, we do not address other issues presented in Plaintiff's brief.

Judgment reversed and remanded for a new trial.

PUDLOWSKI, P.J., and AHRENS, J., concur.