Eugene **ZINK** and Judy Lee Zink, Plaintiffs-Respondents,

v.

Comelia **HILE** and Stanley Pesek, Defendants-Appellants.

No. KCD30405.

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

Robert L. Hyder, Hyder, McHenry & Prenger, Jefferson City, for defendants-appellants.

Thomas P. Rose, Jefferson City, for plaintiffs-respondents.

Before WASSERSTROM, C. J., Presiding, and WELBORN and BARNES, Special Judges.

DONALD L. BARNES, Special Judge.

In their first amended petitions, plaintiffs Judy Lee Zink and her husband, Eugene Zink, (respondents here) make claim against defendants Comelia Hile and Stanley Pesek (appellants here) for damages arising from an alleged assault and battery upon Judy Lee Zink by both defendants. In Count I of plaintiffs' petition, Judy Lee Zink alleged that defendants "intentionally, willfully, wantonly and maliciously did assault, attack, beat, strike and wound the plaintiff without excuse, provocation or justification." Count II of the petition is Eugene Zink's derivative suit for loss of consortium.

Defendant Hile answered Count I of the petition with a specific denial stating that "she did not in any way participate in any exchange of blows, assaults or any actions whatsoever, and did not beat, assault, wound or touch the plaintiff in any way." In her separate answer to Count II, defendant Hile made general denial of all allegations therein.

Defendant Pesek pleaded a general denial to Counts I and II and then, at the close of all evidence, with leave amended his answer. The amended answer pleaded affirmatively that if Pesek did injure Judy Lee Zink, he did so while attempting to disarm and prevent her from harming a third person with a deadly and dangerous weapon, to wit: a four-way lug wrench.

Upon hearing the evidence and receiving instructions, the jury returned a verdict in favor of both defendants, denying recovery. Plaintiffs filed a timely motion for new trial alleging error in the giving of Instruction No. 13 at the request of both defendants, Instructions No. 4 and 8 on behalf of defendant Hile and Instructions No. 6 and 10 on behalf of defendant Pesek.

The trial court sustained plaintiffs' motion on the ground that the court had erroneously instructed the jury by giving Instruction No. 13 at the request of defendants. Instruction No. 13 was MAI 32.11, an instruction of self-defense by defense of another. In this appeal, defendants seek to reinstate the jury's verdict and to overrule the order granting a new trial.

In reviewing the evidence as presented in the trial court transcript, it is apparent that the defendants' and plaintiffs' versions of the occurrences of January 15, 1977, vary greatly. For the purposes of this appeal, it is sufficient to state that defendant Comelia Hile was at that time the owner of the Bungalow, a tavern located in Jefferson City, Missouri, and defendant Stanley Pesek was employed there as a bartender. Plaintiffs Eugene and Judy Lee Zink were patrons of the Bungalow. Shortly after the tavern closed for the evening, a fight broke out in the parking area during which plaintiffs claim the assault and battery occurred.

The question before this court concerns the applicability of an instruction of defense of another to the pleadings and evidence and the propriety of the converse verdict directors given on behalf of the defendants. We will consider the trial court's ruling as to each defendant separately, as the answers and evidence given by each defendant vary as to form and content.

◼ The weight of case authority has long held that self-defense and its offspring, defense of another, are affirmative defenses and must be pled and proven as such. In *Atchison v. Procise*, 24 S.W.2d 187, 190 (Mo.App.1930), this court said, "The plea of son assault demesne, or of self-defense, is an affirmative one which, if not specifically pleaded, will be deemed waived. It is not raised under the general issue. *Brown v. Barr*, 184 Mo.App. 451, 456, 171 S.W. 4." See also *Hartley v. Oidtman*, 410 S.W.2d 537, 545 (Mo.App.1967): "The plea of self-defense in a civil action for damages for an assault is an affirmative defense, and the burden of proof of such defense rests upon the person asserting it."

◼ It is clear from the record that defendant Hile did not raise the issue of defense of another in pleadings or evidence. The pleading on her behalf consisted of general and specific denials to the claims of plaintiff. Hile, and witnesses testifying on her behalf, consistently claimed that Hile had no physical contact whatsoever with Judy Zink. Hile cannot claim that her assault was justifiable as defense of a third party when she stringently contends that she did not commit an assault at all. The trial court correctly ruled that Instruction No. 13 was erroneously given as to Hile. There is no need to consider the other points raised as to Instructions No. 4 and 8 given on behalf of defendant Hile.

◼ The affirmative defense of defense of another was properly presented by defendant Pesek in his amended answer. Pesek, and the witnesses testifying on his behalf, consistently claimed that he used only the amount of force necessary to take the tire tool away from Judy Zink. Instruction No. 13 was properly given on Pesek's behalf as it followed MAI 32.11 and was supported by the pleadings and the evidence.

◼ Plaintiffs also allege that Instructions No. 6 and 10 given on behalf of defendant Pesek were improper converses of Instructions No. 5 and 9 because reference was made to an affirmative defense. Although the trial court based its ruling solely on the ground that Instruction No. 13 was erroneously given, it is proper for this court to consider the other points raised by plaintiffs in their motion for new trial. See *Kreutz v. Wolff*, 560 S.W.2d 271, 279 (Mo. App.1977) wherein it was stated: "If any ground in a motion for a new trial sustained by the trial court is well taken, the trial court's action in granting the motion is to be affirmed. (Citing authorities)." See also *Dugdale Packing Co. v. Lowden*, 160 S.W.2d 832 (Mo.App.1942).

Instruction No. 5 is based on MAI 23.02 (modified), 19.01 (modified) and 35.03 (modified):

"Your verdict must be for plaintiff Judy Lee Zink and against defendant Stanley Pesek if you believe:

First, defendant Stanley Pesek intentionally held plaintiff Judy Lee Zink, and

Second, such act of defendant Stanley Pesek directly combined with the act of defendant Comelia Hile to cause plaintiff Judy Lee Zink bodily harm,

unless you believe that plaintiff Judy Lee Zink is not entitled to recover by reason of Instruction No. 13"

Instruction No. 6 is the converse of No. 5 based on MAI 33.03 second method converse:

"Your verdict must be for the defendant Stanley Pesek unless you believe,

First, that the defendant Stanley Pesek intentionally held plaintiff Judy Lee Zink and,

Second, that such act of the defendant Stanley Pesek directly combined with an act of defendant Comelia Hile to cause Judy Lee Zink bodily harm, or

*Third, if you believe that Judy Lee Zink is not entitled to recover by reason of Instruction No. 13."* (Emphasis added).

Instructions 9 and 10 contain the same wording but substitute Eugene Zink as plaintiff and refer to his count for loss of consortium. Plaintiffs contend that the addition of the third portion of the converse instruction is contrary to the letter of the MAI and is an effort to combine a converse instruction with an affirmative defense instruction.

Upon examination of MAI 33.01 Converse Instructions—General Comment, we find that the second method of conversing instructions, which was used in the instant case, requires no independent evidence to support it when properly applied. The MAI makes no provision for the adding of an affirmative defense "tail" to a converse instruction. The attempt here to modify and restructure MAI 33.03 constitutes error, the prejudicial effect of which is to be judicially determined. Rule 70.-01(c). While the evidence seems to be weighted in favor of defendants, we cannot say that this error was not prejudicial as a matter of law. Accordingly, the order of the trial court granting a new trial is sustained.

The order granting a new trial is affirmed as to both defendants, and this cause is remanded to the trial court for a new trial as to all the issues.

All concur.